## Case No. 14,530.
### UNITED STATES v. BARRY.
[4 Cranch, C. C. 606.] 1

Circuit Court, District of Columbia. Nov. Term, 1835.

LARCENY — INDICTMENT — BANK NOTE — AMOUNT AND VALUE—COIN.

An indictment under the penitentiary act of the District of Columbia, for stealing a bank-note, must state the amount, as well as value of the note. "One hundred silver coins of the value of seventy-five dollars," is a sufficient description of the money stolen.

[Cited in Arnold v. State, 52 Ind. 285.]

The prisoner [Richard Barry] was convicted under the 9th section of the penitentiary act of March 2, 1831, of stealing "one bank-note of the value of twenty dollars; and one hundred silver coins of the value of seventy-five dollars." By that section of the act, it is enacted, "that every person convicted of feloniously stealing, taking, and carrying away any goods or chattels, or other personal property of the value of five dollars or upwards; or any bank-note, promissory note, or any other instrument of writing for the payment or delivery of money, or other valuable thing, to the amount of five dollars, or upwards, shall be sentenced to suffer imprisonment and labor." &c.

Mr. Hoban, for prisoner, moved in arrest of judgment: (1) That although the value of the bank-note is averred in the indictment, yet the amount of money thereby promised is not. It must appear to be a note for the payment of five dollars or upwards, in order to justify a sentence to the penitentiary. (2) That the expression "silver coins" is of too general import to support an indictment.

Mr. Hoban cited Rex v. Craven, 2 East, P. C. 601; Rex v. Milnes, Id. 602; Stewart's Case, 4 Serg. & R. 194.

Mr. Key, contra, cited 3 Chit. Cr. Law, 947, 973, 974a; 2 East, P. C. 497; 1 Chit. 235–237; Leigh's Case, 1 Leach, Crown Cas. 52; Grimes' Case, 2 East, P. C. 647.

THE COURT (nem. con.) was of opinion that the amount as well as value of the note ought to have been averred; but that the

1 [Reported by Hon. William Cranch, Chief Judge.]

description, "one hundred silver coins of the value of seventy-five dollars," was sufficiently certain, and therefore refused to arrest the judgment.

The prisoner was sentenced to the penitentiary for three years.

## Case No. 14,531.
### UNITED STATES v. BARTLE.
[1 Cranch, C. C. 236.] 1

Circuit Court, District of Columbia. June Term, 1805.

ASSAULT AND BATTERY—EVIDENCE IN MITIGATION —MOLITER MANUS.

1. In Virginia, upon the plea of not guilty to an indictment for assault and battery, evidence may be given to the jury in mitigation of the fine which they are to assess.

2. The carpenter and bricklayer who are building a house have a right to remove, gently, all persons who come into the building without authority, if they will not depart upon request.

Indictment for assault and battery on George Coryell.

C. Lee, for defendant [Samuel Bartle], asked the witness, Preston, whether he had heard Coryell use threats to break up and injure Bartle, or any prior quarrel, in order to discredit the witness Coryell, and to mitigate the fine, which, by the law of Virginia, is to be assessed by the jury.

Mr. Jones, the district attorney, objected, that it was not a justification, nor could be given in evidence in mitigation of the fine.

But THE COURT permitted the question to be asked.

THE COURT, at the request of the defendant's counsel, instructed the jury that if they should be of opinion, from the evidence, that Coryell, without right, came into the building on which Bartle was doing the carpenters' work, and upon being requested, refused to go out of the building, then Bartle had a right gently to put him out; and that if Bartle, under such circumstances, did gently put Coryell out, without any unnecessary violence, he was not guilty of an assault in so doing.

Mr. Jones moved the court to instruct the jury, that if Bartle came into the apartment where Coryell was, for the sole purpose of turning him out of the building, it was an assault.

But THE COURT (nem. con.) refused to give the instruction as prayed.

THE COURT was further of opinion that it was not necessary to prove that Coryell was interrupting the business, or impeded it any way, but that the possession was in the carpenter and bricklayer, and either of them had a right to order away all persons having no right to enter the building; and if they refused to depart, had a right to put them out without using any unnecessary violence.

1 [Reported by Hon. William Cranch, Chief Judge.]