STATE OF MISSOURI, Appellant, *v.* ADOLPH. E. KROEGER, Respondent.

1. *Practice, criminal — Indictment — Larceny — Checks and coin, description of, what insufficient.*— An indictment for larceny, which described the property stolen as "one check for five thousand dollars on the Traders' Bank, of the value of five thousand dollars; five thousand dollars in money, of the value of five thousand dollars," should be held insufficient on demurrer.

Some further matter of description should be embodied so as to inform defendant of the specific check intended. Section 31 of the act in reference to practice in criminal cases (Wagn. Stat. 1091-2) does not include checks. And under that section, where coin of the United States is referred to, the simple designation of it as money, without describing it as money made or issued by virtue of any law of the United States, is too indefinite.

*Appeal from St. Louis Criminal Court.*

*Chas. P. Johnson,* Circuit Attorney, and *Cline, Jamison & Day,* for appellant.

*Lackland, Martin & Lackland,* and *Allen,* for respondent.

The indictment in this case is insufficient at common law because it does not sufficiently describe the check or money alleged to have been stolen. (People v. Ball, 14 Cal. 101; State v. Langbottom, 11 Humph. 39 ; Rhodus v. Commonwealth, 2 Duvall, Ky., 159 ; Stewart v. Commonwealth, 4 Serg. & R. 194 ; Damewood v. State, 1 How., Miss., 262 ; Spangler v. Commonwealth, 3 Binn. 533 ; State v. Bond, 8 Clark, Iowa, 540 ; State v. Morey, 2 Wis. 494.)

WAGNER, Judge, delivered the opinion of the court.

The court sustained a demurrer to the indictment in this case, and therefore the only question is whether the indictment contained sufficient allegations to put the accused upon trial. There is but one count, and it is therein alleged that the defendant, on the 10th day of December, 1869, " one check for five thousand dollars on the Traders' Bank, of the value of five thousand dollars ; five thousand dollars in money, of the value of five thousand dollars, all of the property of, etc., * * * feloniously did

State of Missouri v. Kroeger.

then and there steal, take and carry away," etc. At common law an indictment for larceny should describe the money as so many pieces of the current gold or silver coin of the country, of a particular denomination, or other species of money should be specified according to the facts. But our statute regulating criminal practice has done away with much of the nicety and particularity required by the common-law procedure, though I apprehend that it is still necessary to set forth the substantial facts, so that the accused shall be fairly apprised of what he is to meet and defend against.

The act in reference to practice in criminal cases provides that "in every indictment for forging, uttering, stealing, embezzling, destroying or concealing, or for obtaining by color of any false token, writing, or false pretenses, any instrument or property, it shall be sufficient to describe such instrument or property by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or *facsimile* thereof, or otherwise describing the same or the value thereof." (Wagn. Stat. 1091, § 28.) Whilst this section renders it unnecessary to set out the instrument *in hæc verba*, or to give a particular and circumstantial description of it, it can not be supposed that in its enactment the Legislature intended to abrogate and do away with the fundamental principle that in criminal prosecutions the accused has the right to demand the nature and cause of the accusation. To accuse him of the stealing of a check is not sufficiently definite; some further matter of description should be embodied, so as to inform him of the specific check intended.

The thirty-first section of the same chapter in the statute declares that "in every indictment in which it shall be necessary to make any averment as to any money or any note being or purporting to be made or issued by any bank incorporated by law, or made or issued by virtue of any law of the United States, it shall be sufficient to describe such money or note simply as money, without specifying any particular coin or note; and such allegation shall be sustained by proof of any amount of coin, or of any such note, although the particular species of coin of which such

amount was composed or the particular nature of such note shall not be proved."

This section has reference to notes being or purporting to be made or issued by a bank incorporated by law, and notes or coin being or purporting to be issued by virtue of a law of the United States. It embraces these and no more, and does not include checks at all. The section, though somewhat obscure on account of its brevity, is yet sufficiently clear and patent. It embraces two classes, each distinct. Where coin of the United States is referred to it is sufficient to designate it as money made or issued by virtue of a law of the United States. So a note made or issued by an incorporated bank may be described as money of the institution or corporate body, without showing of what amount it was composed or its particular nature. But the simple designation of money, without any reference to its character, is, I think, too indefinite.

Wherefore, with the concurrence of the other judges, the judgment will be affirmed.