## THE STATE v. MOORE, *Appellant.*

**Autrefois acquit:** LARCENY OF MONEY, NATIONAL BANK NOTES: EVIDENCE. A plea of *autrefois acquit* to an indictment for stealing a national bank note, is sustained by proof of an acquittal upon an indictment for stealing money accompanied by evidence that both indictments were for the same act.

Under Sec. 31, p. 1091, Wag. Stat., evidence of the theft of the note was admissible in support of the indictment for stealing money, (*overruling State v. Kroeger,* 47 *Mo.* 530).

*Appeal from Daviess Circuit Court.*—HON. SAMUEL A. RICHARDSON, Judge.

*Shanklin, Low* and *McDougal* for appellant.

*Rush, Jr.,* with *J. L. Smith,* Attorney-General, for the State.

HENRY, J.—At the February term 1876, of the circuit court of Livingston county, defendant was indicted for grand larceny, charged with having, on or about the 20th day of December, 1875, stolen a piece of money made and issued under the laws of the United States, of the value of twenty dollars, and two pieces of money made and issued under the laws of the United States, each of the value of five dollars, and the property of one William Jones. At the same term there was a trial of the cause on defendant's plea of not guilty, and he was acquitted by the jury. Afterwards, at the same term of said court, he was again indicted for grand lerceny, charged with having, on or about the 20th day of December, 1875, stolen one piece of money, to-wit: a national bank note, made and issued by the First National Bank of Greencastle, in the State of Pennsylvania, of the denomination of twenty dollars, made and issued under and by virtue of the laws of the United States, and the property of one William Jones. To this defendant pleaded *autrefois acquit,* alleging his former trial and acquittal, and that the larceny of which

he was so tried and acquitted, was the same for which he was again indicted, and that the William Jones mentioned .as the owner of the property stolen in the first indictment was the same William Jones mentioned as owner of the property in the last indictment, &c. To this plea a replication was filed and on a trial of the issues on the plea of *autrefois acquit* defendant introduced, as a witness, Hamlet Wynn, who testified that he was the prosecuting witness in the case, and was a witness at the former trial of the *State v. Charles P. Moore*, that he then testified that he caught defendant at the Grand river bridge, asked him for the money and defendant gave it to him, that he did not, on the former trial, describe the bill, and that he told no more for the reason that defendant's counsel stopped him and would not let him tell about anything but coin. He was the only witness introduced. He "started to describe the bill at the former trial but defendant's counsel stopped him as soon as he said 'one of the bills was a twenty dollar greenback,'" and the court then ruled that no testimony, except about coin, was admissible under the indictment. He then testified that there was but one taking that he knew anything about, and that it was the same he testified to on the former trial and now. The Prosecuting Attorney, to obviate the necessity for further proof, admitted that there had been but one larceny, and that of money belonging to William Jones. Defendant then introduced in evidence the first indictment and the verdict and judgment thereon.

The court of its own motion instructed the jury, that "under the evidence on this trial, they must find the issue for the State," and the jury so found. Defendant then pleaded not guilty to the indictment, was tried, convicted and his punishment fixed at two years imprisonmen in the penitentiary, and he brings his case here by appeal. When the former indictment might have been sustained by showing the offense charged in the second, a *prima facie* case is made out for the prisoner. *The People*

*v. McGowan,* 17 Wendell 386.  Or whenever there has been but one larceny and the same evidence will support either indictment, *autrefois acquit* is a good plea, but unless the first indictment was such that the prisoner might have been convicted upon it by proof of the facts contained in the second, an acquittal on the first is not a bar.   Chitty's Crim. Law 483;  Archbold Crim. Pl. 88.

The 31st section of the act relating to practice in criminal cases (Wag. Stat., p. 1091) provides that, "In every indictment in which it shall be necessary to make any averment as to any money, or any note, being or purporting to be made or issued by any bank incorporated by law, or made or issued by virtue of any law of the United States, it shall be sufficient to describe such money or note simply as money, without specifying any particular coin or note; and such allegation shall be sustained by proof of any amount of coin, or of any such note, although the particular species of coin of which such amount was composed, or the particular nature of such note, shall not be proved, &c."   The balance of the section does not affect the question under consideration.  The first indictment against the defendant used the language of the statute and charged the defendant with having stolen "a piece of money made and issued under the laws of the United State, of the value," &c.   Now it is very clear, that under that section, the State could have proved the very theft alleged in the indictment on which defendant was convicted.   Proof would have been admissible on the part of the State under that indictment, of the stealing by defendant of any money, coin, national bank notes or treasury notes, the property of William Jones.  The averment was that the piece of money stolen was made and issued under the laws of the United States, and proof of the specific larceny charged in the second indictment, would fully have proved every averment in the first.   *State v. Kroeger,* 47 Mo. 530, in which a different doctrine was announced, is overruled in that respect.

National bank notes are money within the meaning of the 31st section, and are made and issued under the laws of the United States. It being a principle well established, that when the first indictment was such that the prisoner might have been convicted upon it, by proof of the fact contained in the second, an acquittal on the first is a good plea in bar to the second, the instruction of the court to the jury, to find the issue on the plea of *autrefois acquit* for the State was erroneous; and, as on proper instructions upon the evidence on the issues made by that plea, the jury must have found for the defendant, and virtually acquitted him of the larceny charged in the indictment on which he was convicted, the judgment, with the concurrence of all the judges, is reversed, and the prisoner discharged.

PRISONER DISCHARGED.