*Hartford,*
*June,*
*1826.*

Shepard
*v.*
Palmer.

———◦◦◦———

SALISBURY *against* THE STATE OF CONNECTICUT :

IN ERROR.

Where an information for theft described the property alleged to be stolen, as "thirteen bills against the *Hartford* bank, each for the payment and of the value of ten dollars, issued by such bank, being an incorporated bank in this state;" it was held, that this description was sufficiently certain.

In a public prosecution for theft, the court will not, on conviction, render judgment for the owner of the goods to recover the treble value.

Therefore, in such prosecution, the owner of the goods is a competent witness to prove the facts alleged in the information.

In a public prosecution for theft, an inn-keeper, in whose inn, and from whose guest, the goods were stolen, is a competent witness to prove the facts alleged in the information; as his liability to the owner, cannot be affected, by a conviction of the prisoner.

This was an information against *Hezekiah Salisbury* for theft, alleging, that he, on the 4th of *October*, 1825, stole and carried away thirteen bills against the *Hartford Bank*, each for the payment and of the value of ten dollars, issued by the president, directors and company of the *Hartford Bank*, then an incorporated bank in this state, before that time incorporated by the laws of this state; and one bill issued by said bank, for the payment and of the value of three dollars; all the aforesaid bills being the property of *Seth Booth*.

On the trial before the county court of *Hartford* county, *November* term, 1825, the prosecutor, to prove the facts stated in the information, offered *Seth Booth* as a witness, who, it was admitted, was the owner of the property alleged to be stolen; to whose admission the counsel for the prisoner objected, on the ground that he was interested to procure the conviction of the prisoner. The court overruled the objection, and admitted *Booth* as a witness.

The prosecutor likewise offered as a witness *Daniel Mills*, who, it was admitted, was the inn-keeper of the house in which the theft was committed, and in which *Booth* was, at that time, a guest. The bills had not been particularly entrusted to *Mills's* care, but were stolen from *Booth's* pocket, in the day-time, whilst he was asleep on a bed. To the admission of this witness, also, the counsel for the prisoner objected, on the ground that he was interested to procure the conviction of the prisoner. The court admitted him. The jury found the prisoner *guilty ;* and the court rendered judgment, that the prisoner be whipped ten lashes, and pay to the county treasurer a fine of seven dollars, with costs. The prisoner having filed a bill of exceptions, brought a writ of error in the superior court, which was reserved for the advice of this Court.

*W. W. Ellsworth* and *S. F. Dixon*, for the plaintiff in error, contended, 1. That the information was insufficient ; the property stolen not being described with the requisite certainty. " Bills" is a term of equivocal import. It may mean *bills of exchange*, or *promissory notes.* An *account* on a detached piece of paper, is also called a bill. Their being *against* the bank, or *issued* by the bank, does not render the description less uncertain. Great precision is necessary, in order to enable the prisoner to plead his acquittal.

2. That *Booth* was an incompetent witness, being interested. First, it is a necessary part of the judgment, in case of a conviction, that the owner of the property stolen, recover treble the value. This treble value is not in the nature of *satisfaction* to the owner, but is *a part of the punishment.* The provision of the statute is, that the offender, after conviction, shall forfeit treble the value of the property stolen to the owner, and *be further punished* by fine, &c. *Stat.* 150. *tit.* 22. *c.* 42. *Commonwealth* v. *Andrews*, 2 *Mass. Rep.* 14. 2 *Swift's Dig.* 318. Secondly, if the court may omit this part of the judgment, still a conviction in the criminal prosecution must be the foundation of a civil action to recover the treble value. If the prisoner is acquitted, in the criminal prosecution, the owner cannot sustain a civil action. The interest of the owner is as great, and as direct, as that of an informer entitled to a part of the penalty, who is now always excluded, unless rendered admissible by statute. *The King* v. *Stone*, 2 *Ld. Raym.* 1545. *The King* v. *Tilly*, 1 *Stra.* 316. 2 *Wms. Saund.* 262. *c.* n. Thirdly, this case

is not within any known exception to the general rule, admitting interested witnesses from necessity, or a principle of public policy. *Phill. Evid.* 91. & seq.

3. That the *Mills*, the inn-keeper, was interested in the event, and therefore incompetent. As the property was stolen from his inn, and from one of his guests, he is liable. From this liability he exonerates himself, by charging the prisoner. *Rotheroe & al.* v. *Elton, Peake's Rep.* 84. *Sheldon* v. *Ackley,* 4 *Day* 458. *Emerton* v *Andrews,* 4 *Mass. Rep.* 653.

*Toucey,* contra contended, 1. That the description of the property stolen, was sufficiently certain. The words of the statute are—" If any person shall steal any bill or bills issued by any incorporated bank of this state," &c. The information uses the same language. Bills issued by an incorporated bank are *bank bills*. At any rate, they belong to that description of property, which the statute meant to protect.

2. That *Booth,* the owner, was a competent witness. First, by the *common law,* the owner, not having sued as prosecutor, cannot have a judgment in his favour. Secondly, the *statute* upon a just construction, requires that the owner should sue to obtain judgment for the treble value. Thirdly, the *policy* of the statute requires the same construction. Fourthly, this has been the *practical construction* of the statute. Fifthly, the restoration of the property, or a reward, upon conviction, does not incapacitate the witness. *Rex* v. *Teasdale* & al. 3 *Esp. Rep.* 68. and editor's note. *Commonwealth* v. *Moulton,* 9 *Mass. Rep.* 30.

3. That *Mills,* the inn-keeper, was a competent witness. The conviction of *Salisbury* cannot affect *his* liability. The record in this case cannot be given in evidence for or against him, in an action brought by the owner.

BRAINARD, J. Three questions arise, or are made, in the case. 1. Is the information sufficient, in point of accuracy and definite description of the property ? 2. Was *Booth,* the owner of the property, a competent witness ? 3. Was *Mills,* the inn-keeper, a competent witness ?

The first question, I think, is easily disposed of. The description of the property " bills against the *Hartford Bank,* for the payment of money, issued by the president, directors and company of that bank, incorporated by law," is sufficiently de-

*Hartford,*
July,
1826.

Salisbury
*v.*
State.

Hartford,
June,
1826.

Salisbury
.v.
State.

finite and specific to distinguish that kind of property—to distinguish those bills from all other bills that could have a possible relation to that bank.

The second question is worthy of a more serious consideration.

It is contended, on the part of the plaintiff in error, that *Booth* was an incompetent witness; that he was interested in the event of the suit; for that under this process, in case of conviction, it was the indispensible duty of the court to render judgment in his favour for treble the value of the property stolen.

If this be so, the objection is fatal; for this point was settled many years ago, by a learned and respectable court in the case of the *United States* against *Williams.*

That was an action brought on a statute of the *United States* for the recovery of the penalty for an attempt to bribe an officer of the customs; under which statute, in case of conviction, the officer would be entitled to a part of the penalty. The officer, who, it was alleged, had been tampered with, was offered as a witness. An objection was made to his competency, on the ground of interest. On the part of the *United States,* the argument of necessity was powerfully urged; but the court sustained the objection. In that case, the statute of *Winton,* 13 *Edward* I. and the construction of it, was strongly and ably pressed upon the court.

The first case I find on the construction of this statute, and which has been the foundation of all the doctrine of necessity on similar subjects, is in *Rolle's Abridgement,* 685, 686. This was an action brought on the statute, by a carrier, against a hundred. *Bennet* v. *The Hundred of Hertford.* The essence of that case is in few words. They are, that "if a man be robbed, although he was plaintiff, yet he might be a good witness to prove himself to have been robbed, and of what sum or things; and also to prove, that he gave notice to the next ville, and levied hue and cry; for this is of necessity, for default of other proof."

But the question still recurs, was *Booth* interested in the event of the suit? Could the court, under this process, in case of conviction, have given judgment for the treble value of his property, or could he avail himself of any judgment under it, in an action he might bring for the satisfaction of his own injury? To the last question the answer is, he could not. *Booth* is not a

party to the process, either directly or indirectly. Should he commence a suit for the recovery of his own damages, he must prove his case, by testimony *aliunde* of such record, for he is a stranger to it.

It seems the court did not, under this process, render any judgment in favour of *Booth*, but ordered the infliction of the statute punishment.

The statute of this state in relation to theft, so far as it regards this point, is "that every person, who shall steal any money, goods, &c. being duly convicted thereof, shall forfeit and pay treble the value of the property stolen to the owner thereof."

This statute, in substance, is ancient, and has had a pretty uniform practical construction. There may have been some few solitary exceptions. For his own injury, *Booth* might have brought on this statute his suit *qui tam;* and if prosecuted to effect, it would have superseded any public prosecution for the crime; and in case of conviction, he would have been entitled to judgment for the treble value of his property; and the court would have ordered the infliction of the statute corporal punishment. Under such process, *Booth* would have been entitled to his oath : he was a witness, competent, to a certain extent, to the loss and identity of his property; and this, I apprehend, is in accordance with the true spirit of the construction given to the statute of *Winton,* as decided in the case referred to, of *Bennet* v. *The Hundred of Hertford.*

If the party injured will not avail himself of the statute remedy, he must get redress when and how he can. The public prosecutor cannot help him; and the court cannot know him.

As to the remaining point, whether *Mills,* the inn-keeper, was a competent witness, it appears to me, that a conviction of *Salisbury,* on a public prosecution, could be no bar to an action in favour of *Booth* against *Mills;* certainly not, if *Booth* could not be interested in such prosecution. Let *Mills's* liability to *Booth* be what it would, it could not be affected, by the conviction of *Salisbury.*

I would advise, that the judgment of the county court be affirmed.

HOSMER, Ch. J. and LANMAN and DAGGETT, Js. were of the same opinion.

*Hartford,*
*June,*
*1826.*

Salisbury
*v.*
State.

PETERS, J. concurred in the opinion of Judge *Brainard* relative to the sufficiency of the information, and the admissibility of the witness, but not in his result or reasons. He thought the judgment was erroneous, because the county court did not award to the owner of the property stolen treble the value thereof, besides *further punishing the offender by whipping,* &c. That the owner was admissible as a witness, on the same principle that informers against counterfeiters, &c. are constantly admitted, though entitled to a premium, on conviction of the offender: And that the liability of the inn-keeper was neither encreased nor diminished, by the event. He referred to *Capron* v. *Van Noorden,* 2 *Cranch* 126. *Loomis* v. *Tyler,* 4 *Day* 141. 2 *Swift's Dig.* 319. 1 *Phill. Evid.* 98. *Commonwealth* v. *Andrews,* 2 *Mass. Rep.* 14. 409. *Commonwealth* v. *Moulton,* 9 *Mass. Rep.* 30.

Judgment to be affirmed.