## THE STATE *vs.* WILLIAMS, *et als.*

1. An indictment for larceny of "Bank notes," *eo nomine*, which states their number, denomination and value, is sufficient.

UPON points reserved as novel and difficult, from the City Court of Mobile. Tried before the Hon. Alex. McKinstry.

GEORGE WILLIMS, James Davis and George Ferguson were jointly indicted in the City Court of Mobile, for grand larceny. The indictment charged them with having stolen from the person of one Doctor M. Parker a certain purse, whose value was stated, and certain "Bank notes" *eo nomine*, the number denomination and value of which were stated. A motion was made to quash the indictment, which was overruled. The defendants on the trial were all found guilty, and afterwards moved in arrest of judgment on the following grounds. 1st. Because of the insufficient description of the bank notes in the indictment. 2d, Because the indictment does not aver that the bank notes are the notes of an incorporated bank. 3rd. Because the indictment does not aver that the bank notes were a valuable contract in force at the time of the alleged larceny. 4th. Because the indictment does not aver that the bank notes were of value due and unpaid to the holder at the time of the alleged larceny.

The motion was overruled, but the questions being in the opinion of the court novel and difficult, were reserved and certified to the Supreme Court.

ATTORNEY GENERAL, for the State:

1. Bank notes are the subject of larceny, *eo nomine*.—(Clay's Dig. 425, § 57,) and no further description of them is necessary in the indictment.—Com. v. Richards, 1 Mass. 337 ; Green, v. State, 5 How. Miss. 33; People v. Kent, 1 Douglass, 42 ; State v. Cassell, 2 Harris & Gill. 407 ; Pomroy v. State, 2 Virg. Cas. 342; Johnson's case, 2 Russ on Cri. 170.

2. This is an indictment for larceny from the person (Clay's Dig. 425 § 56,) and in addition to bank notes, the prisoners are charged with the larceny of a purse of the value of one dollar. Proof of one of the articles stolen would bring the offence within the statute.—Swinney v. The State, 8 Smedes & M. 576.

BLOCKER, *contra:*

The motion should have prevailed. Certainty to a reasonable intent, so as fairly to inform the party charged, so as to prepare for his defence, is a pre-requisite in all indictments.

"Bank notes" is an indefinite term, uncertain in the limitation, and can be made to extend to any paper bills in an engraved or printed form; it was the meaning and intention of the Legislature, that the offence should consist in the larceny of the note or notes authorised by law to be issued by any banking institution, the law alone fixes the value, by giving the authority to issue them; therefore, it became necessary to aver, that the notes subject of the larceny, were the notes of an incorporated bank.— Clay's Dig. 435-6-25.

The motion should have been sustained, and the indictment quashed, for want of the averment of the material requisite contained in the statute, that the bank notes at the time of the larceny charged, "*were a valuable contract in force.*"—Clay's Dig. 425.

The motion should have been sustained, and the indictment quashed, because there is no averment that the sum mentioned in the bank notes was due and unsatisfied, between the prosecutor and the bank, at the time of the supposed larceny.—1 McCord's Rep. 528; 6 Johns. Rep. 103; 1 Binney 273; 3 Binney 533; 1 Brown 360; 11 Mass. Rep. 279.

CHILTON, J.—The motion to quash this indictment, as also to arrest the judgment, was properly overruled. Waiving the consideration of the question, whether, inasmuch as the indictment charges a larceny from the person of a certain purse of the value of one dollar, this would not, under the general finding of the jury, support the judgment of the court, we are quite sure that the indictment sufficiently avers the larceny of the bank notes. The number, denomination and value of the notes are stated, and the indictment describes them as "bank notes." In this it conforms to the statute, which enacts that "every person who shall commit the offence of larceny, by stealing any goods or chattels, or any bank note, bond," &c. It seems to be well settled by cases arising under similar statutes, that it is sufficient to charge the stealing of bank notes *eo nomine.* See the cases cited on the brief of the Attorney General. It was for-

The State v. Williams et als.

merly the practice in indictments for stealing notes, &c., to set them out at full length (3 M. & S. 541 ; 2 Russ. 170,) but it has long been settled, that this particularity is unnecessary, and that it is sufficient if the indictment follow the descriptions of the property stolen as given in the statute.—2 Russ. 186, (top page 3d Ed.) and cases cited.

In Rex v. Johnson, 3 M. & S. 539, Lord Ellenborough, C. J. said he considered that after the statute had made bank notes the subject of larceny, they might be described in the same manner as other things that have an intrinsic value ; that is, by any description applicable to them as a chattel.

Le Blanc, J., in the same case, replying to an objection similar to that urged by the counsel for the prisoner in the case before us, said " The argument upon this part of the case has arisen from the practice that has prevailed, of describing the particular sum for which the note is payable, and that the money secured thereby is unsatisfied. But the answer to such an argument is this, that whether it be payable for one sum, or for another, it is equally a bank note, and a bank note is the subject of larceny. Therefore, it is not a good objection, that the bank note is not sufficiently set out." These remarks are cited with approval by Mr. Russell, (2 R.187,) and are so apposite to the case before us, that we deem any further comment unnecessary. See the cases cited in the United States v. Moulton, 5 Mason's C. C. Rep. 537, and Greeson v. The State, 5 How. (Miss.) Rep. 30-38. These authorities conclusively show that the court below did not mistake the law in the points referred to this court as novel and difficult, and as there is no writ of error in the case, we cannot look into the bill of exceptions.

Let the judgment be affirmed.