# CASES DETERMINED

IN

# THE SUPREME COURT,

## OCTOBER TERM, 1859.

---

### THE PEOPLE v. BALL.

An indictment for larceny, describing the money as "three thousand dollars, lawful money of the United States," is insufficient. The particular denomination or species of coin must be set forth.

APPEAL from the Court of Sessions, Sonoma County.

*P. L. Edwards,* for Appellants, cited: 3 Chit. Crim. Law, 947, 960; Arch. Cr. Pl. 46; *People* v. *Cohen,* 8 Cal. 42; *People* v. *Winkler,* 9 Id. 234.

No brief on file for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

The defendant was indicted by the grand jury of Sonoma County. He demurred to the indictment on the ground that it did not sufficiently describe the property charged to have been stolen. The demurrer was overruled, and he thereupon plead not guilty, was tried, and convicted. The property is described as "three thousand dollars, lawful money of the United States."

This description is not sufficient. In an indictment for larceny, money should be described as so many pieces of the current gold or silver coin of the country, of a particular denomination, according to the facts. "The species of coin must be specified." (Arch. Cr. Pl. 61 ; Whart. Cr. Law, 132.)

In the case of *The State* v. *Longbottom,* (11 Hump. 39,) the Supreme Court of Tennessee decided that an indictment charging the defendant with stealing "ten thousand dollars, good and lawful money of the State of Tennessee," was bad for want of description.

Judgment reversed, and cause remanded for further proceedings.