# Wheeling.

## WILLIAM FREDRICK *vs.* THE STATE.

### January Term, 1869.

1. An offense is sufficiently charged in the language of the statute, when in an indictment for grand larceny the articles stolen, which are not technically bank notes, but are embraced under the terms, writings and papers of value found in the statute, are described by the name and designation by which they are usually understood and known in the country, and the value properly averred, so that the accused has full notice of the charges against which he is required to defend himself.

2. The confessions of the accused, made under inducements, to officers in whose custody he was at the time, or others having authority over him, are not to be excluded on the trial when the confession is accompanied with the surrender and restoration of the stolen property.

William Fredrick was, on the 2d day of March, 1869, indicted in the circuit court of Ohio county, for grand larceny. The indictment contained three counts, which were in substance as follows:

1st. That William Fredrick, on the 18th day of December, A. D., 1868, feloniously did steal, take and carry away four legal tender notes of the United States of America for the payment of divers sums of money, in the whole amounting to the sum of, and of the value of forty dollars; also one national currency note, payable to bearer at the First National Bank of Newport, for the payment of and of the value of ten dollars; also divers bank notes the number and character of which are unknown, for the payment of divers sums of money amounting to the sum of and of the value

of ten dollars—and all, in the aggregate, amounting to the sum of sixty dollars.

2d. That the said William Fredrick, on the day and year aforesaid, feloniously did steal, take and carry away divers, to wit: four other legal tender notes of the United States of America, each one thereof for the payment of and of the value of ten dollars, each current of the United States, and amounting to the sum of forty dollars; also one National currency note on the First National Bank of Newport, for the payment of and of the value of ten dollars, amounting in the aggregate to the sum of fifty dollars.

3d. That the said William Fredrick, on the day and year aforesaid, feloniously did steal, take and carry away divers, to wit: four United States notes, commonly called greenbacks, and payable to bearer, for divers sums of money, in the whole amounting to the sum of and of the value of forty dollars.

The defendant demurred to the indictment, and to each count thereof, which demurrer was overruled by the court. The defendant then pleaded not guilty, upon which plea issue was joined, and a jury was selected and sworn to try the cause. During the trial the prosecution introduced two witnesses, viz: the justice who committed the prisoner, and the constable who arrested him, to prove that the prisoner had delivered the stolen property to them, and confessed the larceny. The evidence of both these witnesses the defendant moved to exclude, and not allow to go to the jury, because of its inadmissibility as a confession under an inducement; which motions were overruled by the court, and the prisoner thereto excepted. The jury found a verdict of guilty, and fixed the term of confinement of the prisoner in the penitentiary at one year; and thereupon the counsel for the defendant moved the court in arrest of judgment, because of errors apparent upon the face of the record. This was afterwards withdrawn, and the sentence of the court, in accordance with the verdict of the jury, was pronounced.

The defendant applied to this court for a writ of error and supersedeas, which was granted.

*G. L. Cranmer* for the plaintiff in error.
*Attorney General Melvin* for the State.

BERKSHIRE, J.   The objection to the indictment is, because the offence is not sufficiently charged in the language of the statute upon which it is founded.   If it had been so charged in the exact language of the statute in this instance, it would have been too indefinite to give the accused notice of the charge he was called on to meet, and the indictment would have been clearly insufficient on demurrer.

The property or articles stolen in the present case, were not technically bank notes, but are embraced under the terms, writings and papers of value found in the statute. They are fully described in the indictment by the name and designation by which they are usually understood and known in the country, and their true value properly averred, so that the accused had full notice of the charge against which he was required to defend himself; and it is not perceived that it could have been of any advantage to the defence if it had been added to the description in the indictment that the notes described were writings, or of papers of value.

I think, therefore, that the demurrer to the indictment was properly overruled.

The other error assigned is, as to the ruling of the court in admitting the prisoner's confessions of the larceny, under the circumstances under which they were made.

It is well settled as a general rule, that the confessions of the accused, made under inducements to officers in whose custody he was at the time, or others having authority over him, are to be excluded on the trial.   But the exception to the rule is also fully established, where the confession is accompanied with the surrender and restoration of the stolen property.   In this case the prisoner did, at the time of the confession, surrender and deliver up what corresponded to

the property described in the indictment, and the court certifies in the judgment of restitution of the same property, that it was proven *on the trial* that it was property stolen from William Martin, as alleged in the indictment. 1 Greenleaf, § 232; 1 Russell & Ryan, 151; 2 Harrington, 530; 9 Yerger, 410; 1 Wharton C. L., § 695.

From what appears upon the record, the confessions made in this case, as it seems to me, were properly admitted.

The judgment, therefore, should be affirmed.

The other judges concurred.

JUDGMENT AFFIRMED.