## ARNOLD v. THE STATE.

CRIMINAL LAW.—*Robbery.*—*Description of Money.*—An indictment for rob-
bery, the property alleged to have been taken being bank notes, or bills,
or United States treasury notes, or bills, which, in describing such notes,
or bills, does not state their denominations by the use of the word denom-
ination or equivalent words, is bad on motion to quash.

From the Shelby Circuit Court.

*K. M. Hord, A. Blair, B. F. Love* and *W. Z. Conner,* for
appellant.

*C. A. Buskirk,* Attorney General, and *W. S. Ray,* Prose-
cuting Attorney, for the State.

BUSKIRK, J.—The appellant was convicted of robbery.
The errors assigned are, that the court erred in overruling
motions to quash the indictment and for a new trial.

The objection urged against the indictment is, that it does
not contain a proper and sufficient description of the prop-
erty alleged to have been taken. The charging part of the
indictment is, "that one John Ripley Arnold, late of said
county, on the 23d day of November, A. D. 1874, at said
county and State aforesaid, did then and there unlawfully,
forcibly and feloniously take from the person of one George
F. Stark, by violence and by putting him in fear, one
national bank note of the value of five dollars, one national
bank note or bill of the value of ten dollars, and three
United States treasury notes or bills, of the kind or char-
acter known as 'greenbacks,' and of the value of one
dollar each, and all being of the aggregate value of eighteen
dollars, and all being of the personal goods and chattels of
George F. Stark."

Robbery is defined to be larceny committed by violence
from the person of one put in fear. 2 Bishop Cr. Law, 5th
edition, section 1156; *Hickey* v. *The State,* 23 Ind. 21;
*Bonsall* v. *The State,* 35 Ind. 460; Bicknell Cr. Pr. 321,
*et seq.* No more particularity in describing the property is
required than in an indictment for larceny. *Terry* v. *The*

*State,* 13 Ind. 70; *Brennon* v. *The State,* 25 Ind. 403. The particular objection urged to the indictment is, that it does not give the denomination of the bills alleged to have been taken.

In *Daily* v. *The State,* 10 Ind. 536, the property was described as "two United States gold coins of the denomination and value of ten dollars, ten United States gold coins of the denomination and value of five dollars, and ten United States gold coins of the denomination and value of two dollars and fifty cents each,—altogether of the aggregate value of eighty-five dollars," and it was held sufficient, upon the ground that the court and jury knew that a United States gold coin of the denomination and value of ten dollars is an eagle.

In *McKane* v. *The State,* 11 Ind. 195, the property was described as sixty dollars of the current gold coin of the United States of the value of sixty dollars, and it was held sufficient. This ruling is in conflict with the one last cited.

In *Terry* v. *The State, supra,* the indictment was held good which described the property as "one pocket-book of the value of fifty cents, one bank note of the value of ten dollars, one bank note of the value of five dollars, one piece of gold coin, of American coinage, of the value of five dollars." But in *Hickey* v. *The State, supra,* and *Brennon* v. *The State, supra,* the denomination and value of the bills alleged to have been stolen are given, and it was held that the description was sufficient.

In *Terry* v. *The State, supra,* the motion to quash was properly overruled, because the pocket-book was correctly described. See *Engleman* v. *The State,* 2 Ind. 91; *Crawford* v. *The State,* 2 Ind. 132. The precise point made here does not appear to have been squarely made and decided in this State, but it has been made and decided in other States.

In *The State* v. *Longbottoms,* 11 Humph. 39, the indictment for larceny charged the defendant with having stolen "ten dollars, good and lawful money of the State of Tennessee," and it was held that this was not a sufficient descrip-

tion of the thing stolen. Money should be described as so many pieces of current gold or silver coin, and the coin must be stated by its appropriate name.

In *The People* v. *Ball*, 14 Cal. 101, it was held that an indictment for larceny describing the money as "three thousand dollars, lawful money of the United States," was insufficient. It was said: "In an indictment for larceny, money should be described as so many pieces of the current gold or silver coin of the country, of a particular denomination, according to the facts. 'The species of coin must be specified.' Arch. Cr. Pl. 61; Whart. Cr. Law, 132."

In *The People* v. *Jackson*, 8 Barb. 637, it was held that in an indictment for stealing bank notes, it is sufficient to describe them in the same manner as other things which have an intrinsic value, by any description applicable to them as chattels; that the property stolen must be described with certainty to a common intent. By which is to be understood such certainty as will enable the jury to say whether the chattel proved to have been stolen is the same with that upon which the indictment is founded, and as will show judicially to the court that it could have been the subject of the offence charged.

In *Rhodus* v. *Commonwealth*, 2 Duvall, 159, the indictment charged that the defendants took and carried away "one lot of treasury notes, called greenbacks, the issue of the treasury of the United States of America, and one lot of Kentucky bank notes, and fifteen dollars in gold coin," and it was held insufficient. The court say:

"On the subject of indictments our criminal code recognized and established the modern common law, rightly understood and rationally applied. It dispenses with form and requires substance only. And what is now substance at common law is substance under the code—and, that is, every fact necessary to constitute the specific crime charged— alleged with only such precision as:

"1. To enable the court to see that, admitting the facts, it

has jurisdiction, and that the imputed crime has been committed by the accused.

" 2. To enable the accused to understand the precise charge, and, without surprise, to prepare for defence against the proof which may be admissible to sustain that specific charge; and,

" 3. To make the verdict and judgment certainly available as a bar to any subsequent prosecution for the same criminal act.

" According to this test, the indictment in this case seems to us insufficient to authorize conviction.

" ' One lot of treasury notes,' without any specification of denomination, number, or value, is too indefinite for the identification of the thing taken, or of any part of it; and ' one lot of Kentucky bank notes,' without even a specification of the bank, is still more indefinite.

" Neither of these charges sufficiently notified the accused of the facts to be proved; and a conviction on either of them might not be availably pleaded in bar of another more specific indictment for the same offence. A minute description of all the treasury and bank notes might be impossible, and, therefore, is not required. But a nearer approach to it than this indictment makes, may be presumed to have been easy, and ought to be required. A specification of even one of the notes in each lot, so as to identify it, might be sufficient to answer the ends of the test just defined.

" Nor can ' fifteen dollars in gold coin,' without any specification of the number of pieces, or of the character or identity of the coin, or of any portion of it, be deemed sufficient for all the purposes of the law.

" As might be expected, there is some diversity on this subject in several of the state courts. But principle, analogy, and preponderating authority, incline decidedly in favor of our conclusion. As some confirmation of this, see Archbold's Notes, pages 353–4–5–6."

In *Wilson* v. *The State,* 1 Port. 118, it was held that an indictment for stealing promissory notes should state the

value and the amount of the notes alleged to have been stolen.

In *The State* v. *Williams*, 19 Ala. 15, it was held that an indictment for larceny of bank notes should state their number, denomination and value.

In *Salisbury* v. *The State*, 6 Conn. 101, the property was described as "thirteen bills against the Hartford bank, each for the payment and of the value of ten dollars, issued by such bank, being an incorporated bank in this State;" and such description was held sufficient.

In *Hamblett* v. *The State*, 18 N. H. 384, it was held that an indictment for the larceny of bank notes should contain the number and value of the bills alleged to have been stolen.

In *Fredrick* v. *The State*, 3 W. Va. 695, the property was described as "four legal tender notes of the United States of America, each one thereof for the payment of and of the value of ten dollars, each current of the United States, and amounting to the sum of forty dollars; also one national currency note on the First National Bank of Newport, for the payment of and of the value of ten dollars, amounting in the aggregate to the sum of fifty dollars," and the description was held sufficient.

In *United States* v. *Barry*, 4 Cranch C. C. 606, it was held that an indictment for the larceny of a bank note must state the amount as well as the value.

In *United States* v. *McDaniel*, 4 Cranch C. C. 721, the property alleged to have been stolen was described as "a bank note of the Union Bank of Georgetown, to the amount of ten dollars, of the value of ten dollars," was sufficient, without the averment that it was "for the payment of money to the amount of ten dollars." See *Regina* v. *Bond*, 1 Denison C. C. 519, for the proper description of gold coin.

We do not think it is necessary, in an indictment for the larceny or robbery of bank notes, to state the numbers upon the bills, but the number of the bills stolen, with their denomination and value, should be stated.

The indictment in the case in judgment should have been quashed for its failure to state the denominations (or the equivalent words, for the payment of a certain sum of money) of the bills alleged to have been taken.

The judgment is reversed; and the clerk will immediately notify the sheriff of Shelby county.