## Lon Williams v. The State.

INDICTMENT. — The indictment charges the theft of "fifty silver half-dollar pieces, of the value of fifty cents each, the same being corporeal personal property, and altogether of the value of twenty-five dollars, and the property, of one G. B." *Held*, insufficient, in that the indictment does not show that the money was the current coin of the United States, or any other government. There is no question in pleading better settled than that the thing stolen must be correctly described, for the purpose of identification; and when coin is charged as the thing stolen, the kind of coin must be specified, when it can be done, by the grand jury; and when it cannot, it is proper that the indictment show this fact.

APPEAL from the District Court of Rusk.   Tried below before the Hon. A. J. BOOTY.

*Jones & Wynne*, for the appellant.

*W. B. Dunham*, for the State.

ECTOR, P. J.   The appellant in this case was indicted for the theft of " fifty silver half-dollar pieces, each piece of the value of fifty cents, the same being corporeal personal property, and altogether of the value of twenty-five dollars, and the property of one George Baker,"—without stating that the money was the current silver coin of the United States of America, or of any other government, and without giving any further description of the same.

The indictment, we believe, is defective because the description of the property alleged to have been stolen is not sufficient.   When gold or silver coin has been stolen, there should be such a description of the money as to call to mind the particular coins, so as to identify the thing stolen ; and when it cannot be done by the grand jury, the indictment should state this fact.

After a careful examination of the cases we have been able to find which have been decided by courts of last resort, both in England and America, we have been forced to the conclusion that the defendant's motion in arrest of judgment should have been granted by the District Court, because the indictment does not give a sufficient description of the property alleged to have been stolen, nor show any reason why such description was impracticable.   There is no question better settled in pleading than that the thing stolen must be correctly described, for the purpose of identification, and when a party has been indicted for the theft of either gold or silver coin, the kind of coin must be specified, when this can be done, by the grand jury ; and when it cannot be done, it is proper that the indictment should show that fact.

Mr. Wharton says: "Money is described as so many pieces of gold and silver coin of the realm, called ———. The pieces of the coin must be specified." 1 Whart. Cr. Law, sec. 363. Mr. Bishop and Mr. Chitty recognize the same strictness in pleading when a defendant is charged with the theft of money. 2 Bishop's Cr. Proc., secs. 703, 704; 2 Chitty's Cr. Law, 947, 960. See also *The State* v. *Longbottom*, 11 Humph. 39; *The Commonwealth* v. *O'Connell*, 12 Allen, 183; *The People* v. *Ball*, 14 Cal. 101; *The People* v. *Cohen*, 8 Cal. 42.

In the case of *The State* v. *Longbottom* the Supreme Court of Tennessee say: "When personal chattels are the subject of an offence, as in larceny, they must be described specifically by the names usually appropriated to them, and the number and value of each species or particular kind of goods stated. 2 Hale's P. C. 182, 183; Arch. Cr. Pl. 49, London ed. Money should be described as so many pieces of the current gold or silver coin of the realm. And the species of coin must be stated by the appropriate name."

In this respect the indictment in the case at bar was clearly defective, and the motion in arrest of judgment should have been granted in the court below. The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*