Buntin v. The State.

Criminal Law.—*Indictment —Assault and Battery with Intent to Rob.— Time and Place.— Value.—Description of Property.— Words and Phrases.—* An indictment charged, that, at, etc , on, etc., the defendant, "in a rude, insolent and angry manner, did unlawfully touch one " J. M., " with intent forcibly and feloniously, by violence and putting him in fear, to take from his person the goods and chattels of him, the said " J. M., etc.

*Held,* that the indictment sufficiently charges an assault and battery, with intent to commit robbery.

*Held,* also, that it sufficiently charged the " time and place."

*Held,* also, that it was not necessary to describe the " goods and chattels " mentioned, nor (as a value is imported by these words) to allege their value.

Same.—*Recalling Jury to withdraw Erroneous Instruction.*—After a jury had retired to consult as to their verdict, the court recalled them into open court, and, in the presence of the defendant, withdrew an erroneous instruction given to them before retiring, and gave them a proper instruction upon the subject covered by that withdrawn.

*Held,* that there was no error.

From the LaPorte Circuit Court.

*J. Bradley* and *J. H. Bradley*, for appellant.

*T. W. Woollen*, Attorney General, and *G. Ford*, Prosecuting Attorney, for the State.

Worden, J.—Indictment, in the court below, against the appellant and one Arthur Harness, in two counts, the first of which need not be noticed, as no question arises upon it.

The second charged that "Arthur Harness and Marion

Buntin, on the 8th day of November, 1879, at said county, in a rude, insolent and angry manner, did unlawfully touch one James McMahon, with intent forcibly and feloniously, by violence and putting him in fear, to take from his person the goods and chattels of him, the said James McMahon; contrary," etc.

The appellant was put upon his trial separately, and found guilty by the jury upon the second count in the indictment, and sentenced to pay a fine and be imprisoned in the state-prison for the period of two years, over motions in arrest of judgment and for a new trial.

The count sufficiently charges the assault and battery, and the question presented is whether it sets forth the felony intended to be perpetrated, with sufficient certainty and accuracy.

It may be regarded as settled that, in an indictment for an assault, or an assault and battery, with intent to commit a felony, the felony intended to be committed must be set forth with precision and certainty. Ordinarily, the felony intended to be committed must be described with as much certainty and accuracy as if the indictment had been based upon the commission of the felony intended. *Landringham* v. *The State,* 49 Ind. 186; *Scudder* v. *The State,* 62 Ind. 13.

The intended felony attempted to be charged is the crime of robbery, which is defined by our statute as follows :

"Every person who shall, forcibly and feloniously, take from the person of another any article of value by violence, or putting in fear, shall be deemed guilty of robbery," etc.   2 R. S. 1876, p. 432, sec. 18.

The appellant makes the point that the count is bad because it does not show the time and place of the intent to commit the felony; in other words, because it does not use the words "with intent *then and there,* forcibly," etc.

The time and place of the perpetration of the assault and battery had been stated in charging the same, and that was sufficient. The statute provides that "No indictment or information may be quashed or set aside for any of the following defects :      *      *      *

" *Second.* For the want of an allegation of the time or place of any material fact, when the venue and time have once been stated in the indictment, or information." 2 R. S. 1876, p. 386, sec. 61.

But objections, apparently more substantial, are made to the count. It will be seen that the "goods and chattels" intended to be taken from the person of McMahon are not described, nor is it alleged that they had any value. If the charge had been for the commission of the robbery, instead of an assault and battery with intent to commit it, it would seem that the goods and chattels should have been more particularly described. *Arnold* v. *The State*, 52 Ind. 281.

In such case the prosecutor would have no difficulty in describing the property taken. But it is conceived that in this respect there is a difference between the charge of a robbery, and the charge of an assault and battery with intent to rob. In the latter case the assailant, at the time of the assault, may not intend to take any *particular* property. He may not know what property or valuables the person assailed may have about his person, but may intend to take whatever may be found. In such case it could not, with propriety, be said that the assailant intended to take any particular article ; and, therefore, it would be sufficient to allege an intent to take goods and chattels, without a more particular description of them.

The want of an allegation, that the goods and chattels had some value, presents a question about which we have had some doubt ; but we have concluded that the objection is of no importance.

It is true, that, to constitute a robbery, the article or articles taken must have some value, but that value may be infinitely small. It may not be to the extent of the least coin, even of a farthing. 2 Archb. Crim. Prac. & Plead., top page 1,287.

"Words used in the statute to define a public offence, need not be strictly pursued, but other words, conveying the same meaning, may be used." 2 R. S. 1876, p. 385, sec. 59. And "The words used in an indictment must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning." *Id.*, sec. 58.

Now it seems to be clear that the words "goods and chattels," used in their ordinary meaning, import, of themselves, articles of value. Articles that have no value whatever could hardly be called goods or chattels, within the ordinary meaning of those words. The words, to be sure, embrace not only money, (*Hall* v. *The State*, 3 O. S. 575,) but an endless variety of personal property. But we can conceive of nothing that rises to the dignity of goods and chattels that is utterly destitute of value. We think, therefore, that the words "goods and chattels" convey a meaning as broad as the words "articles of value." Goods and chattels are articles of value. The indictment must be taken, then, to have alleged an intent to take, from the person assaulted, articles of value ; and this fills the requirement of the statute. The amount of the value need not have been stated, because the amount is not an element in the description of the offence, and does not constitute an ingredient by which the punishment is regulated. 1 Bishop Crim. Proceed., secs. 540, 541, 567.

We are of opinion, for the foregoing reasons, that the court below committed no error in overruling the motion in arrest of judgment.

We are asked to reverse the judgment on the evidence ;

but, having examined the evidence carefully, we are of opinion that the case is one which does not call for our interference.

The court committed an error in one of its charges to the jury on the subject of an *alibi;* but that error was obviated by the court, who, after the jury had retired to consider of their verdict, caused them to be returned into open court, and, in the presence of the appellant, withdrew the obnoxious charge altogether, and gave them another and correct charge on the subject.

We think there is no error in the record, and the judgment below must be affirmed.

The judgment is affirmed, with costs.