THE STATE OF KANSAS v. FRED SEGERMOND.

ROBBERY—*Information, Fatally Defective.* An information for robbery which describes the property as "twenty-five dollars in money, the property of John Bond," and without any allegation of its value, or any excuse for want of greater particularity, is fatally defective.

*Appeal from Barber District Court.*

PROSECUTION for robbery. Trial, conviction and sentence at the February term, 1888. The defendant *Segermond* appeals. The opinion states the material facts.

*R. A. Cameron,* for appellant.

*S. B. Bradford,* attorney general, for The State.

Opinion by CLOGSTON, C.: The defendant, Fred Segermond, was convicted of robbery, and sentenced to hard labor in the penitentiary of this state for a term of ten years, from which judgment he appeals to this court. The record contains the information, the bill of exceptions, saving exceptions to the overruling of an objection to the introduction of any evidence under the information, the instructions of the court to the jury, the verdict of the jury, the motion for new trial and in arrest of judgment, and the judgment on the verdict of guilty as charged. No exceptions are shown to the overruling of the motion for a new trial or in arrest of judgment, and for this reason it is contended that nothing is brought here for review. Before a defendant can complain of the ruling of the court upon the trial, exceptions must be saved by a bill of excep-

tions, and a motion for a new trial or in arrest of judgment, with the ruling of the court and exceptions thereto. This not having been done, there is nothing left for our consideration except the transcript of the record, and this presents only the one question: Did the information sufficiently and definitely state the offense of robbery to support the judgment of conviction? The charging part of the information complained of is as follows:

"One Fred Segermond did then and there unlawfully, feloniously, purposely and viciously assault the person of one John Bond, for the purpose and with the intent to, and did then and there rob the said John Bond of his personal property; and the said Fred Segermond did then and there, by putting him, the said John Bond, in fear of immediate injury, and by force and violence to his person, and in his, John Bond's presence, and against his will, did unlawfully and feloniously and forcibly rob and take from the person of said John Bond twenty-five dollars in money, the said money then and there being the property of the said John Bond."

The objection urged against this information is that it does not specifically and clearly describe the property taken; and second, that it does not allege that it was of value. Objections of this kind, coming after judgment, where no attack is shown to have been made in the court below, must be considered in a different light here than as if such objections had been properly made at the trial; and if on examination it can be seen that the information was sufficiently explicit, first, to enable the court to say that, admitting the facts, it had jurisdiction; second, to apprise the defendant of the nature of the offense charged, so as to give him an opportunity to make his defense; and third, to make the judgment certain and available as a bar to any subsequent prosecution for the same offense; or, in other words, the information must be so defective as not to sustain the judgment of conviction.

It will be seen that the information charges the property taken as "twenty-five dollars in money." Now robbery is defined to be "larceny committed by violence of the person of one put in fear." (2 Bish. Crim. Law, 7th ed., §1156.)

And to constitute a larceny the property stolen must be described so that the defendant may know what particular property or thing of the larceny of which he stands charged.  The inquiry turns to the charge, "twenty-five dollars in money." Of what did this money consist?  Was it in one piece, or in many? bills, or coin? treasury notes, or part of one denomination and part of another?  These questions would be suggested to the mind of the person charged with the offense of robbery or larceny.  Now the law presumes the defendant to be innocent of the offense charged.  To hold that this description of the property sufficiently notifies him of the nature of such charge, must presume his guilt, and presumes from that fact that he had a knowledge of just what kind of money was intended to be charged and was charged against him.  It is the policy of the criminal law to so charge an offense that, if the defendant is acquitted he can the more easily plead and show such acquittal, if again charged with the same offense. And this practice does not leave it to conjecture alone to determine whether such charge be identical with some former one, on which an acquittal has been had, but it must be specific to be available. (*The State v. Tilney*, 38 Kas. 714.)

In the case of *The State v. Longbottoms*, 11 Humph. 39, the indictment for larceny charged the defendant with having stolen "ten dollars good and lawful money of the state of Tennessee," and it was held that this was not a sufficient description of the thing stolen.  Money should be described as so many pieces of current gold or silver coin, and the coin must be stated by its appropriate name.  In *The People v. Ball*, 14 Cal. 101, it was held that an indictment for larceny describing the money as " three thousand dollars, lawful money of the United States," was insufficient.

In *The State v. Williams*, 19 Ala. 15, it was held that an indictment for larceny of bank notes should state their number, denomination, and value.

In *Frederick v. The State*, 3 W. Va. 695, the property was described as —

"Four legal-tender notes of the United States of America,

each one thereof for the payment of and of the value of ten dollars, each current of the United States, and amounting to the sum of forty dollars; also, one national currency note on the First National Bank of Newport, for the payment of and of the value of ten dollars—amounting in the aggregate to the sum of fifty dollars."

And the description was held insufficient.

In *United States v. Barry*, 4 Cranch, C. C. 606, it was held that an indictment for the larceny of a bank note must state the amount as well as the value.

In *Lavarre v. The State*, 1 Tex. App. 685, where an indictment described the property stolen as "three hundred gold dollars, the property of the alleged owner," without alleging the value of the gold dollars, or that they were lawful money of current coin of the United States, or other country, the indictment was held to be defective for want of sufficient description.

In *Ridgeway v. The State*, 41 Tex. 232, it was said:

"The rule is that the property must be described with reasonable certainty, whenever practicable to do so; and therefore when it can be done, the species of coin must be specified, as 'fifty pieces of the current coin of the United States, commonly called half-dollars.' When a particular description cannot be given, it should be stated in the indictment, after giving such as the grand jurors can certainly make of the property."

In *Martinez v. The State*, 41 Tex. 164, it was held that an indictment for theft of "one hundred and eighty-two dollars in United States currency" was defective for want of a sufficient description of the property stolen, and of averment of its value.

In *Merwin v. The People*, 26 Mich. 299, it was said:

"The present information utterly fails to comply with this rule, or to state any excuse for non-compliance. The charge is only of the stealing of the personal property, goods and chattels of John Connell, one hundred and thirty-five dollars."

The court further said:

"I have found no case and no principle of common-law pleading upon which such indictment or information can be sustained, without showing upon the face of the indictment some excuse for the want of greater particularity."

In *The State v. Kroeger*, 47 Mo. 530, it was said that an indictment for larceny which describes the property stolen as "one check for five thousand dollars on the Traders' Bank, of the value of five thousand dollars; five thousand dollars in money, of the value of five thousand dollars," should be held not sufficient.

In *The State v. McAnulty*, 26 Kas. 533, it was said:

"The general rule is that an article stolen should be described with such certainty as will enable a jury to decide whether such article proved to have been stolen is the very same with that upon which the indictment or information is founded, and show judicially to the court that it can be the subject-matter of the offense charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment or information relating to the same article; and it is also the rule that, where several articles are alleged to have been stolen, the number and value of each shall be given."

In many of these cases the questions reviewed came to the courts as this is brought here, upon the record alone, and the information or indictment and the judgment were alone considered. Among which see *Merwin v. The People*, 26 Mich. 305; *Lavarre v. The State*, 1 Tex. App. 686; *The State v. Kroeger*, 47 Mo. 530. Also, see *Arnold v. The State*, 52 Ind. 281; *Hickey v. The State*, 23 id. 31; *Monsall v. The State*, 35 id. 460; *Brennon v. The State*, 25 id. 403; *The People v. Jackson*, 8 Barb. 637; *Collins v. People*, 39 Ill. 223; *The State v. Goodrich*, 46 N. H. 186; *Sheppard v. The State*, 42 Ala. 531.

The second objection to the information is, that it fails to allege that the property taken, "twenty-five dollars in money," was of any value. The charge differs from the crime of larceny only in this: In larceny the value must be stated definitely and certainly, for two reasons, first, to fix the crime; and second, to determine the grade of the offense and fix the punishment; while to constitute robbery it is necessary that the property or thing taken should have either an intrinsic or relative value. (*Talley v. The State*, 1 Tex. App. 688.)

In *The People v. Nelson*, 56 Cal. 77, it was said:

It is obvious from the foregoing definitions that an indict-

ment for robbery must aver every fact necessary to constitute larceny, and more. The jury may find a defendant guilty of any offense, the commission of which is necessarily included in that which is charged in the indictment."

"Twenty-five dollars in money" may, it is true, mean gold or silver coin of the United States, or treasury notes, or any other denomination known and used, and which circulates as money; or it may mean only some paper, such as state-bank bills, or confederate money, or bills purporting to be of the value of twenty-five dollars. There should be no uncertainty, and no excuse can be given for leaving to conjecture what can be so easily stated. Either the property must be designated, or described so that it can be easily known and recognized as money, such as is in usual circulation and exchange as money. To designate it as gold and silver coin, or treasury notes, or national bank notes issued by the government of the United States, would perhaps be sufficient to impute a value. (*Smith v. The State*, 33 Ind. 159; *Talley v. The State*, 1 Tex. App. 688; *Arnold v. The State*, 52 Ind. 281; *Merwin v. The People*, 26 Mich. 298; *Jackson v. The State*, 69 Ala. 249.)

While perhaps it may be said, that under our liberal code pleadings that degree of exactness is not required that is necessary under the common law, yet we do not understand the rule to be so far relaxed as not to require the pleader to formally state a public offense in an information, however liberally the code may be interpreted. The bill of rights still provides that the accused has the right to know "the nature and the cause of the accusation against him." The nature of the accusation must mean and include a description of the offense. We are therefore of the opinion that the information is fatally defective, and not sufficient to sustain the judgment of conviction.

We therefore recommend that the cause be reversed, and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

All the Justices concurring.