[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
This motion to strike is addressed to two counts of a four count civil action which seeks money damages for violation of the entry and detainer rights of the plaintiff tenant. The second count alleging statutory theft in violation ofConnecticut General Statutes § 52-564, and the fourth count alleging violation of Connecticut Unfair Trade Practices Act,Connecticut General Statutes § 42-110a et seq., are the subjects of the motion to strike. The motion to strike raises the issue of whether a tenancy at sufferance is subject to CUTPA.
FACTS
The matter originated in the Judicial District of New Haven Housing Session and was transferred on March 19, 1996 to the Bridgeport Housing Session for disposition. On November 13, 1995 the plaintiff filed a verified lock-out complaint along with an application for a temporary injunction in accordance with Connecticut General Statutes § 47a-43. The application utilized judicial department form JD-HM-24 NEW 12-89. The plaintiff alleged as follows: since November 8, 1995 she has been in actual possession of the dwelling unit located at 748-750 Winchester Avenue, New Haven, Connecticut; on or about November 8, 1995, the defendant, in violation of ConnecticutGeneral Statutes § 47a-43 (a), entered the dwelling unit and with strong hand locked the plaintiff out by padlocking the door; she has been prevented from occupying the dwelling since November 8, 1995. The application also referenced personal property including tool boxes.
The defendant acquired title to the real property by reason of foreclosure. The pleadings indicate that the plaintiff is an occupant of the property but not her exact occupancy status. For the purposes of this Motion to Strike the court has considered that she could be; 1) a tenant under the plaintiff, 2) a tenant under the former owner, 3) a person without any tenancy from the plaintiff or former owner and 4) the former owner herself upon whom the defendant foreclosed. The plaintiff requested an ex parte injunction immediately "enjoining the defendants and/or his agents from depriving the plaintiff of the dwelling unit and the personal property" described above. An Order to Show Cause was signed by the Housing Session judge. CT Page 5213 The parties appeared by counsel of record at the scheduled hearing date on November 20, 1995 and entered into the following stipulation. "The defendant and/or his agent shall allow the plaintiff immediate access to the premises and/or personal property described in the attached complaint, allow the plaintiff to occupy the dwelling unit and make no attempt to rerent the dwelling unit occupied by the plaintiff or interfere with the plaintiff's peaceful enjoyment of the dwelling unit."
Thereafter the plaintiff filed an amended complaint in four counts. The first count alleged conversion and listed specific personal property including the above mentioned tool boxes. The second count alleged statutory theft in violation of ConnecticutGeneral Statutes § 52-564 claiming statutory treble damages. The third count alleged a violation of the entry and detainer statute, Connecticut General Statutes § 47a-43a(3), claiming double damages pursuant to Connecticut General Statutes § 47a-46.
The fourth count alleged a violation of Connecticut Unfair Trade Practices Act Connecticut General Statutes § 42-110 (a) (CUTPA) and sought money damages, punitive damages and reasonable attorneys fees.
The defendant filed a motion to strike seeking to strike the second and fourth counts of the amended complaint for failure to state a cause of action. The defendant claims that the statutory theft count is invalid because the plaintiff failed to plead "intent as required by the Larceny statute53a-119" and the plaintiff failed to plead the exact section of the Larceny statute in violation of Practice Book § 109A(a).
The defendant claims that the fourth count regarding CUTPA fails to allege a cause of action since the complaint did not allege an actual tenancy between the parties. The defendant argues that without a tenancy the complaint has not alleged sufficient facts to show that the defendant was engaged in a trade or commerce i.e. "sale or rent or lease, the offering for sale or rent or lease". Connecticut General Statutes§ 42-110a(4).
The defendant also claims in the Motion to Strike a number of other specific defects which this court will discuss in passing.
DISCUSSION OF LAW
CT Page 5214
A motion to strike tests the legal sufficiency of the allegations of any complaint. Practice Book § 152; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988);Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." King v. Board of Education, 195 Conn. 90, 93
(1985). For the purposes of determining the motion, it admits the truth of the facts well pleaded but will not admit the truth or accuracy of conclusions or opinions of the pleader. Verdonv. Transamerica Insurance Co., 187 Conn. 363, 365 (1982). The courts cannot assume a fact which has not been alleged.Mingachos, supra 108. The court must construe the facts in the complaint most favorable to the plaintiff. Amodio v.Cunningham, 182 Conn. 80, 82 (1980).
The action was brought pursuant to statute, ConnecticutGeneral Statutes § 47a-43. The statutory scheme anticipates that there will be two hearings. The first hearing would be in the nature on injunction which requires a hearing "within eight days from the exhibition of such complaint." Connecticut GeneralStatutes § 47a-43 (b). A hearing was held in accordance with an order to show cause within said eight day period and a temporary injunction was issued on November 20, 1995.
The entry and detainer statute contemplates that further pleadings will be filed either in the initial statutory action or in a second action seeking money damages. The case can be tried to a jury. Connecticut General Statutes § 47a-45. Double damages can be allowed. Connecticut General Statutes § 47a-46.
Thus this plaintiff filed an amended complaint seeking, in addition to the injunctive relief contained in her initial complaint, four separate counts for money damages. It appears that the statute contemplates such pleadings and proceedings.
The plaintiff's second count claims statutory theft of property. "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." Connecticut General Statutes § 52-564.
It appears that a statutory theft action seeking treble damages is an appropriate method of seeking civil damages in an unlawful entry matter. Entry and detainer is a very old common law action and was codified by the Connecticut legislature before 1700. Dutton v. Tracy 4 Conn. 79, 90 (1821). So too civil liability for theft has equally old roots. Salisbury v.CT Page 5215Connecticut, 6 Conn. 101, 105 (1826). The legislature, when the entry and detainer statute was amended in the 20th century, is presumed to have known of the centuries old theft remedies.
Connecticut General § 52-564 is a statutory case of action. As a general rule if the conditions of a statutory action are not complied with, the court is denied subject matter jurisdiction. General Dynamics Corporation v. Groton, 184 Conn. 483,493 (1981); Dugan v. Milledge, 196 Conn. 591, 595 (1985).
It appears that a Connecticut Unfair Trade Practices action is an appropriate method of seeking civil damages in an unlawful entry matter. Daddona v. Liberty Mobile Home Sales. Inc.,209 Conn. 243, 247 (1988); Williamston v. Fenderson, 7 CSCR 675
(June 8, 1992); Conrad v. Erickson, 41 Conn. App. 243 (1996).
CUTPA also is a statutory case of action. "It is the intention of the legislature that this chapter be remedial and be so construed. General Statutes § 42-110b(d)." Web PressServices Corporation v. New London Motors, Inc., 203 Conn. 342,354 (1987). A CUTPA lawsuit can appear in one of three forms: 1) Unfair methods of competition, 2) unfair acts or practices in the conduct of any trade or commerce and 3) deceptive acts or practices in the conduct of any conduct trade or commerce.Connecticut General Statutes § 42-110b(a).
 CONCLUSION OF LAW RELATING TO STATUTORY THEFT COUNT
 Connecticut General Statutes § 52-564 states: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." From a plain reading of the statute there two distinct methods of violating the statute; (1) A person who steals property, or (2) a person who knowingly receives and conceals stolen property. The allegations of the plaintiff's complaint fails to differentiate between these two particular methods and for that reason alone the plaintiff's complaint must be stricken as to the second count.
Upon refiling of an amended complaint the plaintiff should comply with the pleading requirements of Practice Book § 109A(a).
The definition of "steals" in Connecticut General Statutes§ 52-564 is not contained in the statute itself nor within the larceny statutes. By judicial gloss the larceny statute has been engrafted onto the definition of the word "steals" under CT Page 5216Connecticut General Statutes § 52-564. "The word `steals' as used in General Statutes § 52-564 is synonymous with the definition of larceny under General Statutes § 53a-119." Lauder v. Peck,11 Conn. App. 161, 165 (1987). The larceny statute contains multiple definitions of property and/or services: i.e. various methods of committing a larceny. Connecticut General Statutes§ 53a-119. The plaintiff therefore must amend her complaint to comply with the statutory requirements of § 52-564 and § 53-119.Practice Book § 109A(a). It may be required to separate the allegations into multiple counts.
The motion to strike is granted as to the second count.
CONCLUSION OF LAW AS TO THE CUTPA COUNT
The plaintiff has alleged in her complaint a one count violation of Connecticut Unfair Trade Practices by stating as follows "the actions of the defendants and/or its agents constitute unfair and deceptive trade practices in violation ofConnecticut General Statutes § 42-110a et seq." The plaintiff has alleged both an unfair trade practice and a deceptive trade practice. The motion to strike must be granted because those two causes of action cannot be alleged in one count.
Since the plaintiff, to cure this defect, must amend her complaint, the court wishes to discuss the major issue raised by the parties as to whether or not a tenancy at sufferance can be the subject of CUTPA suit. This court is of the opinion that it can be. Since a foreclosure judgment has been entered and the plaintiff is still an occupant of the property, a tenancy at sufferance is the relationship between the parties. Lonergan v.Connecticut Food Store, Inc., 168 Conn. 122, 130 (1975). Any owner and occupant dispute involving property would appear to be covered by CUTPA; even though there was no actual rental, no sale or lease contemplated nor any monies passing or contemplated to be passing between the occupant and the owner.O'Brien Properties Inc. v. Rodriguez, 215 Conn. 367, 371-372
(1990). Conaway v. Prestia, 191 Conn. 484, 491 (1983). CUTPA is defined as dealing with a "trade" or "commerce" involving "sale, rental or lease and/or offering for sale, rental or lease." Connecticut General Statutes § 42-110a(4). The statute is remedial. The CUTPA statutes have been broadly worded by the legislature. Since its enactment the legislature has amended CUTPA only in a few areas. CT Page 5217
The definition section was amended once in 1978.Connecticut General Statutes § 42-110a, Public Act 78-346. Of significance the 1978 act redefined "trade" and "commerce" to include rent and lease of services and property. The public nexis requirement was terminated. Connecticut General Statutes§ 42-110g, Public Act 84-468, Ivey Barnum O'Mara v. IndianHarbor Properties, Inc., 190 Conn. 528, 540 (1983). The legislature has recently permitted punitive damages to be decided by jury. Connecticut General Statutes § 42-110a(a).
In the main the legislature created CUTPA as a remedial act with real punitive damages not limited to attorney fees. "These comprehensive remedies, intended to create a climate in which private litigants help to enforce the ban on unfair or deceptive trade practices or acts: id.; are significantly broader than those generally available at common law." Associated InvestmentCo. v. Williams Associates, 230 Conn. 148, 160 (1994). In effect the legislature has not substantially interfered with the body of judicial decisions interpreting the statutory CUTPA scheme. "The Connecticut General Assembly deliberately chose not to define the scope of unfair or deceptive acts proscribed by CUTPA so that courts might develop a body of law responsive to the market place practices that actually generate such complaints." Sportsman Boating Corporation v. Hensly, 192 Conn. 747,755 (1984). CUTPA is developing it's own body of common law.
The remedies available under CUTPA were designed to be broader than those available at common law and to provide redress for conduct which "without necessarily having heen previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; . . . or whether it is immoral, unethical, oppressive or unscrupulous." Conaway v. Prestia, supra 492-493 (1983); FTCv. Sperry Hutchinson Co., 405 U.S. 233, 244-45 n. 5. 92 St.Ct., [S.Ct.], 898, 31 L. Ed 2nd, [L.Ed.2d], 170 (1972).
It is common, in almost every civil action, for a separate CUTPA count to be alleged. In most of these cases the CUTPA pleadings are bare bone allegations. A majority of these CUTPA counts do not appear to comply with statutory and case law requirements interpreting CUTPA. CT Page 5218
It is this court's opinion that in a majority of the CUTPA lawsuits that have been brought to its attention the pleadings are insufficient to allege a statutory action. A proper CUTPA count should contain the following allegations;
1) A recitation of one of the three statutory prohibitions claimed under Connecticut General Statutes § 42-110b(a), i.e.; a) unfair methods of competition, or b) unfair acts or practices in the conduct of any trade or commerce, or c) deceptive acts or practice in the conduct of any trade or commerce.
2) If a) state the specifics of the "competition"
3) If either b) or c) state the specifics of the "trade" or "commerce".
4) The statutory citations must be referred to as required by Practice Book 109A including other statutory references that by definition are per se CUTPA violation, i.e. ConnecticutGeneral Statutes § 35-1.
5) A factual statement of the specific acts alleged to be either unfair competition, unfair acts or deceptive acts taking into consideration the specific requirements of the case law relating thereto (the incorporation by reference of prior allegations in prior counts should not be sufficient to comply with this requirement). Web Press Services Corporation v. NewLondon Motors, Inc., supra 355.
6) An allegation of an "ascertainable loss of money or property, real or personal" Connecticut General Statutes §42-110a(a).
7) The specific facts upon which that ascertainable loss can be measured. Hinchiffe v. American Motors Corporation,184 Conn. 607, 613 (1981).
8) If punitive damages are claimed pursuant to ConnecticutGeneral Statutes § 42-110g(a), facts must be alleged to show "wanton and malicious injury, evil motive and violence" or a "reckless indifference to the rights of others" or "an intentional and wanton violation of those rights." Gargano v.Heyman, 203 Conn. 616, 622 (1987). CT Page 5219
9) Specific claims for money damages, attorney fees and punitive damages must be stated in a claim for relief supported by statutory citations. Connecticut General Statutes § 42a-110g,P.A. § 131, Connecticut General Statutes § 52-91, P.A. § 139.
In this case the plaintiff has added to its allegation of an ascertainable loss the following phrase "as well as extreme humiliation, anxiety, inconvenience and emotional distress." This appears to allege another cause of action for either intentional or negligent infliction of emotional distress. It does not belong in a CUTPA count unless the only ascertainable loss is "humiliation, anxiety inconvenience and emotional distress". A motion to strike the phrase "extreme humiliation, anxiety, inconvenience and emotional distress" would be well taken by the court.
The allegations of CUTPA as used in the last count of the complaint incorporating by reference each of the prior allegations of the complaint, only causes confusion and does not comply with the minimum requirements for CUTPA pleading. Similar allegations will no doubt be met with another Motion to Strike.
The Motion to Strike the second and fourth counts is granted.
BY THE COURT,
KEVIN TIERNEY, JUDGE