2. The second offence may be committed although no physical force was used; as if the mate left the ship under a well founded fear of his life had he remained on board.

The defendant was tried by the same jury upon two indictments. One was for an assault committed at sea by defendant, master of the ship, on his mate, with intent to kill. The other for maliciously, and without justifiable cause, forcing the mate of his ship on shore at Batavia, a foreign port; and leaving him there.

WASHINGTON, Circuit Justice (charging jury). That, upon the first indictment, the jury must be satisfied, not only that the assault was committed after the 3d of March, 1825, when the act of congress was passed; but that the intention with which the assault was made was to take the life of the person assaulted. If the jury should believe that it was made with intent merely to give pain, or to torture the person assaulted, however cruelly, the defendant cannot be found guilty; unless they are also satisfied that the intention was to kill, that being the offence stated in the indictment.

Upon the second indictment, the offence may be committed, although no actual, physical force was used in putting the mate on shore; as if he left the ship under a well grounded fear of danger to his life from the defendant if he continued on board to perform the return voyage. Mere general ill treatment by the defendant, committed on the mate, on the outward voyage, would not amount to that kind of moral force which would bring the case within the tenth section of the act of congress of March 3, 1825, c. 65 [4 Stat. 115].

The jury acquitted the defendant, on both indictments.

---

## Case No. 16,163.

UNITED STATES v. RIGSBY.

[2 Cranch, C. C. 364.] [1]

Circuit Court, District of Columbia. Nov. Term, 1822.

LARCENY—INDICTMENT.

In larceny, "one silver coin of the value of fifty cents," is a sufficient description of the property stolen.

[Cited in Com. v. Gallagher, 82 Mass. (16 Gray) 240; Porter v. State, 26 Fla. 56, 7 South. 145.]

The defendant [Eliza Rigsby] was convinced of larceny.

Mr. Hewitt, for defendant, moved in arrest of judgment, that "one silver coin of the value of fifty cents of the goods and chattels of one John Kinchelow," is too vague and uncertain a description of the property stolen. It does not state the value

[1] [Reported by Hon. William Cranch, Chief Judge.]

in the current money of the United States, or of any other country.

THE COURT (THRUSTON, Circuit Judge, absent), after looking into precedents, overruled the motion.

---

## Case No. 16,164.

UNITED STATES v. RILEY.

[5 Blatchf. 204.] [1]

Circuit Court, S. D. New York. Feb. 13, 1864.

CRIMINAL LAW—FORMER JEOPARDY—PROVINCE OF JURY — ARGUMENTS OF COUNSEL — CONSTITUTIONAL LAW—INTERNAL REVENUE LAWS.

1. Where a jury was empanelled and sworn, to try an indictment, before the defendant had been arraigned or had pleaded to the indictment, and that jury was dismissed, and, after the defendant had pleaded, a new jury was empanelled and sworn, by whom the indictment was tried, and the defendant was convicted: Held, that the defendant was not twice put in jeopardy by the proceeding.

[Cited in Disney v. Com., 5 S. W. 361.]

2. In the courts of the United States. the jury are not the judges of the law, in a criminal case.

[Cited in State v. Burpee, 65 Vt. 28, 25 Atl. 972.]

3. The case of U. S. v. Morris [Case No. 15,815], cited and approved.

4. On the trial of an indictment, it is proper for the court to require the question of the constitutionality of the act on which the indictment is founded, to be argued to the court, instead of to the jury.

[Cited in Sparf v. U. S., 156 U. S. 79, 15 Sup. Ct. 284.]

5. On the trial of an indictment for carrying on the business of a retail dealer in liquors, on a day named, without having taken out a license therefor, as required by the internal revenue law, evidence is competent, of the sale of a glass of liquor on the next subsequent day, from a store long occupied by the defendant, and in a bar room therein fitted up as a retail liquor shop.

6. An internal revenue law, which lays an uniform tax, and provides for its collection, in territory where forcible resistance to its collection shall take place, as soon as such resistance shall be put down, is not open to the objection that the tax laid is not uniform throughout the United States.

7. Congress has power to pass a law imposing a license duty on those who are engaged in a business which is a subject of police regulation by the states.

The defendant [James Riley] was indicted for a misdemeanor, in carrying on the business of a retail dealer in liquors, without having taken out a license therefor, as required by the act of July 1, 1862 (12 Stat. 432), commonly known as the "Internal Revenue Act," and by the amendments to that act made by the act of March 3, 1863 (Id. 713). The defendant was convicted, and now moved for a new trial.

E. Delafield Smith, U. S. Dist. Atty.

John McKeon, for defendant.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]