## THE PEOPLE *v.* ADAM LINN.

IN an indictment for larceny in stealing coin, the same strictness of proof in identifying the property is not required as in other species of property; and in such case it is proper that the jury should be left to determine from all the testimony and all the circumstances, whether the coin proved to have been stolen was the same as that charged in the indictment.

APPEAL from the Court of Sessions, City and County of San Francisco.

The defendant was indicted for stealing sixty-four pieces of gold coin of the lawful currency of the United States, of the value of twenty dollars each, being of the denomination of double-eagles. He was found guilty, sentenced, and from the judgment of the Court appeals.

*Henry B. Janes,* for Appellant.

There is an entire variance between the description of the money in the indictment and the proof.

This Court has, in terms, decided what the description of money must be in an indictment for larceny. (*People* v. *Bell,* 14 Cal. 101.) In all material averments, the proof and the description in the indictment must correspond, even although the averments of the indictment are unnecessary. (Roscoe's Cr. Ev. 102; *State* v. *Hughes,* 1 Swan, 262; 2 Russ. on Crimes, 109.)

When a specific coin is described, the proof must show the larceny of some one or more of the specific coins charged to have been stolen. (Burr. on Cr. Ev. 171, 186, 657; 1 Stark. Ev. 491, 499, note; Whart. Cr. L. 162; Barb. Id. 2d Ed. 187.)

Proof that property is of the same kind with that lost is insufficient. The larceny charged of a "gray horse," is not sustained by proof of the larceny of a "gray gelding." (*Hooks* v. *The State,* 4 Ohio, 350.) The larceny of "money" is not sustained by proof of the larceny of bank notes." (*Prior* v. *The Commonwealth,* 2 Darm. 298.)

*Nathan Porter,* for Respondent.

CROCKER, J. delivered the .opinion of the Court—COPE, C. J. and NORTON, J. concurring.

The defendant was indicted for the crime of grand larceny in stealing gold coin.   On the trial, the defendant asked the Court to instruct the jury as follows: " 1st. That if the jury find from the evidence that the prosecution has failed to identify the money described in the indictment, as it is there described, they must acquit the defendant.    2d. That the mere statement of a sum, is not a sufficient identification of the money described in the indictment to warrant a verdict of guilty."    The Court instructed the jury as asked, with this explanation: " That the jury must be satisfied from all the testimony that the money referred to by the witness Williamson, in the alleged admission of the defendant to her, was the same money, or a part of the same money, described in the indictment—that that would be a sufficient identification, without a more specific identification of the money taken;" and the defendant excepted to this qualification of the instructions as asked by him. There is no error in this qualification of the instructions.   Coin is not capable of the same specific description and identification as other property, and therefore the same exactness in proof cannot be had. It is therefore proper that the jury should be left to determine, from all the testimony and all the circumstances, whether the coin proved to have been stolen was the same kind of coin as that charged in the indictment; and if several kinds are stated in the indictment, then the proof should show that one or more of such kinds were among the kinds of coin stolen.

It is also urged that the mere confession of the defendant is insufficient, without other proof of the fact, that a crime had been committed.    The weight of the authorities is in favor of the doctrine that the prisoner's confession alone is sufficient to warrant a conviction; while some cases hold that the *corpus delicti* at least must be proved by other evidence.   (1 Phillip's Ev., C. H. & E.'s Notes, 532, 541.)

In the present case, there was sufficient evidence to show that a larceny had been committed, and that the prisoner was in all probability the person who committed it, independent of his confessions.

This objection is therefore overruled.   There was also sufficient evidence to show that the offense was committed within the jurisdiction of the Court that tried the case.

The judgment is therefore affirmed.