SMITH v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*False Pretense.*—Indictment for obtaining under false pretenses "twenty-five dollars in money of the personal goods and chattels of," &c.

*Held,* on motion to quash, that the property was not described with sufficient particularity.

SAME.—*Evidence.*—An indictment for obtaining money under a false pretense set out, as the pretense, a bank check without date; and it was averred that a more particular description of the check could not be given, because it had been torn and partially destroyed by the defendant. On the trial, a check dated "Ja. 16, 1869," was read in evidence, over the defendant's objection.

*Held,* that the admission of this evidence was error.

APPEAL from the Marion Criminal Circuit Court.

RAY, J.—Indictment for obtaining under false pretenses, "twenty-five dollars in money of the personal goods and chattels of," &c. Motion to quash overruled. This is assigned for error.

In *The People* v. *Conger,* 1 Wheeler Crim. Cas. 448, it is held, that the property obtained under a false pretense must be described with as much accuracy and particularity as goods stolen must be in an indictment for larceny. *Markle* v. *The State,* 3 Ind. 535; 3 Chit. Crim. Law, 999. In the case of *The State* v. *Stintson,* 4 Zab. 1, the charge that the defendant converted to his own use ten thousand dollars of money and nineteen thousand dollars of bank bills was held insufficient, and that there should be some description, either of the number or denomination of the coins and of the notes, and also an averment of the value of the notes. And this ruling was upon the ground that the term "dollar" is both the name of a coin and an expression of value, and hence the charge of embezzling a certain number of dollars is uncertain and vicious. Still more force is given to this objection, when it is remembered that we now have both coin and paper represented by the word dollar. Under the allegation in this indictment, it does not

appear whether the appellant was charged with obtaining by false pretenses twenty-five coin dollars or twenty-five legal tender bills of the denomination of one dollar each, or yet coin or bills of various denominations amounting in value to a total of twenty-five dollars. Such uncertainty cannot be permitted in criminal pleading. *Rex* v. *Fry*, Russ. & Ryan, 481; Whar. Crim. Law, § 363. The motion to quash should have been sustained.

The indictment set out a copy of a bank check, without date, which it was alleged had been used as the pretense for obtaining the loan of money from the prosecuting witness; and it was averred, that a more particular description of the check could not be given, because the same had been torn and partially destroyed by the defendant. On the trial, a check was offered in evidence, dated "Ja. 16, 1869," and, over the objection of defendant, the check was read in evidence.

This we think was error. There was a clear variance between the allegation and the proof offered to sustain it.

Judgment reversed, and cause remanded, with direction to sustain the motion to quash.

Order remanding appellant.

*O. F. Baker* and *W. W. Leathers,* for appellant.

*D. E. Williamson,* Attorney General, for the State.