THE STATE OF KANSAS V. MULLIGAN MCANULTY.

1. BURGLARY, *Information for, Not Defective.* Where a defendant was charged with having willfully, forcibly, ·feloniously and burglariously broken and entered in the night-time, a store of C. & S., such information is not fatally defective upon a motion to quash, because it fails to describe more specifically the manner of breaking and entering the store.

2. LARCENY; *Sufficient Description of Property.* Where an information for larceny states only the collective value of sundry silver coins alleged to have been stolen, and then describes the coins as follows, to wit: "Current as money in the State of Kansas, consisting of five-cent pieces of nickel, commonly called 'nickels;' of quarter-dollar silver pieces, commonly called 'quarters;' of ten-cent silver pieces, commonly called 'dimes;' of half-dollar pieces, commonly called 'half-dollars;' of one-dollar silver pieces, commonly called 'dollars;' of certain foreign coins of various denominations;" and further alleges that "a more particular description of any and of all such money cannot be given, as informant has no means of obtaining knowledge:" *Held,* The information contains a sufficiently definite description of the property alleged to have been stolen, and if the defendant is convicted of stealing only a part thereof, and the jury find and in their verdict return the value of the part so stolen, judgment may be legally rendered upon the verdict.

3. LEADING QUESTIONS; *Practice.* The supreme court will not reverse the judgment of a district court in a criminal action for merely allowing leading questions to be asked of witnesses, when there has not been such a manifest abuse of discretion on the part of the trial court as to make it apparent that the defendant has been prejudiced thereby.

4. BURGLARY; *Ownership of Building; No Error.* The information charged that the burglary alleged was committed in breaking and entering the store of John C. Clark and Frank G. Sutton, partners doing business under the firm-name of Clark & Sutton. The court, in its charge to the jury in regard to the ownership of the building, directed upon this point that it was sufficient to find that the building broken and entered, belonged to Clark & Sutton. There was no contest over the ownership of the store building, and the evidence clearly established that the building

in which the burglary was committed belonged to John C. Clark and and Frank G. Sutton, partners as Clark & Sutton. *Held*, The court committed no material error in not repeating the full names of each member of the firm in its charge upon the question of the ownership of the building.

5. VERDICT, *Not Wrongfully Received.* In a criminal action, the jury returned their verdict of guilty against the defendant into court while the clerk and his deputy were absent. There were present at the time in the court, the presiding judge, the county attorney and the sheriff. Objection was made by the defendant to the reception of the verdict in the absence of the clerk. The court overruled the objection, received the verdict, and discharged the jury. There was no request by defendant to poll the jury, and the verdict was afterward properly filed and recorded by the clerk. *Held*, That the reception of the verdict under these circumstances did not involve any material error.

6. JOURNAL ENTRY, *Duly Corrected, and Transcript Amended.* In the journal entry of the trial and judgment in a criminal action, in which the defendant was charged with felony, the clerk of the court omitted, by mistake, the names of certain jurors, whereby it appeared from the journal that the defendant was tried by a jury of nine persons only. The case was appealed to this court by defendant. Pending this appeal, the attention of the district court having been called to the omission of the clerk in the journal entry, the journal was duly corrected by the order of that court, so as to speak the truth. Thereafter, upon suggestion in this court of a diminution of the record, it was held competent to permit the transcript to be amended to correspond with the record as corrected.

*Appeal from Rice District Court.*

AT the December Term, 1880, of the district court, *Mulligan McAnulty* was convicted of burglary and larceny, and sentenced to imprisonment in the state penitentiary for a term of six years. From such conviction he has appealed to this court.

*W. J. Fuller*, and *J. H. Pierce*, for appellant.

*A. J. Abbott*, county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: Defendant was convicted in the district court of Rice county, of the crimes of burglary and larceny, and from such conviction has appealed to this court. Most of the errors alleged demand at our hands only a passing notice.

· I. The information charges that the defendant, on the second day of January, 1880, in the county of Rice, at about eleven o'clock in the night-time of said day, did willfully, maliciously, forcibly, feloniously and burglariously break and enter the store of John C. Clark and Frank G. Sutton, partners doing business under the firm-name of Clark & Sutton, with intent then and there, the goods, wares, merchandise, moneys, chattels and other valuable things, of the property of the said John C. Clark and Frank G. Sutton, partners doing business under the firm-name of Clark & Sutton, in the said store, then and there being, kept and deposited, feloniously, willfully and burglariously to steal, take and carry away.

To this part of the information it is alleged that it is insufficient, because the manner of breaking and entering is not more specifically stated. We think the objection not good, and therefore the court committed no error in refusing to quash the information on the ground that it failed to describe more fully the manner of breaking into the store.

II. It is urged that the coins charged to have been stolen were not sufficiently described. The information alleges the larceny of "sundry silver coins, current as money in the state of Kansas, of the aggregate value of fifty dollars; said money consisting of five-cent pieces of nickel, commonly called 'nickels;' of quarter-dollar silver pieces, commonly called 'quarters,' of ten-cent silver pieces, commonly called 'dimes' and 'ten cents;' of half-dollar silver pieces, commonly called 'half-dollars;' of one-dollar silver pieces, commonly called 'dollars;' of certain foreign coins, of various denominations; also, of one counterfeit or bogus fifty-cent piece, made out of copper, brass and other metals, and made to resemble a fifty-cent silver piece, with the usual stamp of such silver half-dollars or fifty-cent pieces, of the value of ten cents. But a more particular description of any and of all said money cannot be given, as informant has no means of obtaining such knowledge."

As the coins are charged as being in the aggregate of the

value of fifty dollars, and as the information alleges the denomination of all the coins excepting certain foreign coins, and also contains the averment that, "A more particular description of any and of all of said money cannot be given, as informant has no means of obtaining such knowledge," we are of the opinion that the information is not fatally defective. The general rule is, that an article stolen should be described with such certainty as will enable the jury to decide whether such article proved to have been stolen is the very same with that upon which the indictment or information is founded, and show judicially to the court that it can be the subject-matter of the offense charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment or information relating to the same article; and it is also the rule that, where several articles are alleged to have been stolen, the number and value of each shall be given. Yet, where the indictment or information states the collective value of coins stolen, and the denomination of a portion thereof, and states that a more particular description cannot be given for a want of sufficient knowledge, we are of the opinion that upon a verdict of guilty, stating the value of the property stolen, a judgment may be legally rendered. (*The State v. Henry*, 24 Kas. 457; *Commonwealth v. Sawtelle*, 11 Cush. 142; *People v. Linn*, 23 Cal. 150; *People v. Bogart*, 36 Cal. 245; *Daily v. State*, 10 Ind. 536; *McCain v. State*, 10 Ind. 195; *Commonwealth v. Grimes*, 10 Gray, 470.)

Again, exception is taken to the description of the counterfeit coin. The information is clearly specific as to the character, denomination and value of that article.

III. Objection is taken to various questions asked of witnesses, upon the ground that they are leading. Trial courts have a wide discretion in allowing or disallowing leading questions to be asked, and it is seldom that an appeal court will reverse their decisions for merely allowing such questions. In this case, we do not think that there has been such a manifest abuse of discretion as to cause any reversal of the judgment.

IV. The information charged that the burglary was committed in breaking and entering the store of John C. Clark and Frank G. Sutton, partners doing business under the firm-name of Clark & Sutton. The court in its charge to the jury directed them it was sufficient to find that the building broken and entered belonged to Clark & Sutton. Exception is taken to this, upon the ground that the court should have repeated the full names of each member of the firm. If there was any error in this it was immaterial, and in no way prejudiced the rights of the defendant. There was no contest over the ownership of the store building which had been burglariously broken and entered. Upon that point the evidence was conclusive.

V. When the jury returned their verdict into court, the clerk and his deputy were absent; thereupon, the defendant objected to the reception of the verdict. It appears from the record that there were then present in court, Hon. Samuel R. Peters, the district judge, J. W. White, the county attorney, and William L. Smith, the sheriff. The court overruled the objection, received the verdict, and discharged the jury. There was no request by the defendant to poll the jury, and it does not appear that he was in any way prejudiced by the acceptance of the verdict in the absence of the clerk. The verdict was afterward properly filed and recorded by the clerk; and we perceive no good reason for holding the reception of it, under the circumstances, as involving any material error.

VI. In the motion for a new trial, it is claimed that the verdict of the jury is against the weight of the evidence, and not supported by it. This raises the question whether the evidence is sufficient to warrant a conviction. We have carefully read all the testimony, and think the jury were warranted in returning the verdict found by them. At least, there is sufficient evidence to sustain the verdict, if the jury believed the witnesses for the prosecution. It is a case, therefore, where the court might properly refuse to grant a new trial.

VII. A motion was filed in arrest of judgment, upon the

grounds that the facts stated in the information do not constitute a public offense, and that certain witnesses testified against the defendant, whose names were not entered upon the information until after the trial had closed. We have already discussed the objections taken to the information, and held them insufficient. The second ground for the arrest of the judgment is not one of those within the statute. (Cr. Code, §277.) No objection was taken upon the trial, to the witnesses giving their testimony, and any objection to the absence of their names from the information comes too late, after the return of the verdict.

VIII. It is urged that the record discloses that the defendant was tried by a jury of nine jurors only, and therefore that the defendant did not have a jury trial as the constitution guarantees. Lately, a corrected journal entry of the trial and judgment has been presented to the court, showing that the defendant was tried by twelve jurors, not nine, only. The district court had the right to correct the journal entry so that it should speak the truth, and whenever a diminution of a transcript of this court is suggested, it is competent to allow the transcript to be amended to correspond with the true record of the case. The objections to the amendment of the transcript made by counsel for defendant cannot avail. Our attention is called to some further objections, but we shall not notice them, and indeed have already examined the record farther than the rules of our court justify. The brief of counsel for defendant does not refer to the pages of the record, and we have had great difficulty in ascertaining fully the objections presented, on account of this disregard of our rules.

The judgment of the district court will be affirmed.

All the Justices concurring.