## TREADAWAY V. THE STATE

1. RECEIVING MONEY UNDER FALSE PRETENSE: *Indictment—Description of money.*

An indictment for receiving money under false personation of another must describe the money with the same particularity and certainty as an indictment for larceny.

APPEAL from *Conway* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

### STATEMENT.

The sufficiency of the indictment is the only question made in this case. After the usual caption and commencement it charges "that the said Britt Treadaway, on the seventh day of March, 1881, in the county and State aforesaid, unlawfully, feloniously and falsely, did represent and personate one J. P. Alnutt, and in such assumed character,

unlawfully and feloniously did receive from one B. H. Montgomery, the sum of ten dollars, in money, of the value of ten dollars ; and of the property and money of the said B. H. Montgomery, and which said money was then and there intended to be delivered to the said J. P. Alnutt, against the peace and dignity of the State of Arkansas."

*Ratcliffe & Fletcher*, for appellant.

The indictment should state the manner of personation, etc., and the circumstances attending it, etc., and that *by reason* of such personation, etc., the money was obtained with intent to defraud, etc.  2 *Bish. Cr. Pr.*, sec. 175 ; *State* v. *Eldridge*, 12 *Ark.*, 608 ; *Bell* v. *State*, 10 *Ark.*, 536 ; *Mckenzie* v. *State*, 11 *Ark.*, 594 ; *Burrow* v. *State*, 12 *Ark.*, 65 ; *Roscoe Cr. Ev.*, 445.

It should state what kind of money was received, whether U. S. currency, bank notes, coin, etc., with the same particularity as in larceny.  *People* v. *Congers.*, 1 *Wheeler's Cr. Cases*, 448 ; *Smith* v *State*, 33 *Ind.*, 159 ; *Barton* v. *State*, 29 *Ark.*, 68.

*C. B. Moore, Attorney-General,* for the State :

HARRISON, J.   The indictment was bad.   It contained no description of the money the defendant was alleged to have received from Montgomery by his false personation of Alnutt.   It did not even state whether it was coin or paper.   It should have been described with the same particularity and certainty as in an indictment for larceny. *Smith* v. *The State* 33 *Ind.*, 159.

"To describe the subject of the larceny," says Mr. BISHOP, "as so many dollars in money, without further particularization, is by all deemed ill."   2 *Bish. Crim. Proceed.*, sec. 703, and *sec.* 273 ; *Barton* v. *State*, 29 *Ark.*. 68.

The demurrer to the indictment ought to have been sustained, and the judgment should have been arrested.

The judgment is therefore reversed, and the cause is remanded with instructions to arrest the judgment, and to hold the appellant to answer a new indictment, if found.