[No. 2386.]

## J. F. DUKES v. THE STATE.

1. PRACTICE—ASPORTATION—IN THEFT FROM THE PERSON, as in ordinary theft, the taking of the property includes the carrying away of the same, and if the property was taken too suddenly to allow time for resistance, it was also carried away too suddenly to allow time for resistance. In other words, asportation is no more necessary to constitute theft from the person than it is to constitute ordinary theft.

2. SAME—INDICTMENT for theft from the person which describes the property taken as "eight dollars, the same being the corporeal personal property of John Schell," and which does not allege the kind of dollars nor that they were money, is not sufficient to charge the offense.

APPEAL from District Court of Hunt. Tried below before the Hon. J. A. B. Putman.

The conviction in this case was for the theft of eight dollars from the person of John Schell, in Hunt county, Texas, on the twelfth day of June, 1886. A term of two years in the penitentiary was the punishment assessed by the verdict. The disposi-

tion of the appeal does not call for a statement of the facts proved.

*Ben F. Looney*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE.   In theft from the person, as in other thefts, the offense is complete when the property has gone into the possession of the thief.   It is not essential to the completion of the offense that the property be carried away by the thief. (Penal Code, Art. 763; Flynn v. The State, 42 Texas, 301.)  A *taking* of the property includes a *carrying away* thereof within the meaning of the Statute.   If the property was *taken* so suddenly as not to allow time to make resistance, it was also *carried away* so suddenly as not to allow time to make resistance. Such we hold to be the meaning and intent of the Statute, construing its several provisions together.   We do not perceive that the court committed any error in its charge to the jury.

With reference to the indictment, it is not objectionable in the particular that it does not allege that the property was taken from the owner with the intent to deprive said owner of the value of the same, etc.   In this respect the indictment is clearly sufficient.   In another respect, however, the indictment, in our opinion, is bad.   It does not sufficiently describe the property alleged to have been stolen.   It merely alleges that defendant took "eight dollars," the same being the corporeal personal property of John Schell.   It does not allege the *kind* of dollars, nor that they were *money*.   Even under the liberal provision of our Code with respect to the description of property, this indictment cannot be held good.   (Code of Criminal Procedure, Art. 427; Bryant v. The State, 16 Texas Ct. App., 144; Merwin v. The People, 26 Mich., 298.)   Because of this defect in the indictment the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*