HENRY PORTER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment for larceny sufficiently describes the kind and value of property stolen as "one lot of silver coin, of the denomination of one dollar each, of the currency of the United States, of the value of twenty-five dollars, of the goods, moneys and chattels of one J. H. M."

2. An indictment for the larceny of "one lot of silver coin of the United States currency, of the denomination of dollars, half-dollars, quarters, dimes and five-cent pieces, of the value of

twenty-five dollars, a more particular description of which coin is to the jurors unknown, of the goods," etc., is sufficiently specific to warrant a judgment upon a general verdict of guilty.

Writ of error to the Circuit Court for Santa Rosa County.

The facts of the case are stated in the opinion.

No counsel appearing for Plaintiff in error.

The Attorney General for Defendant in error.

MITCHELL, J.: The plaintiff in error was convicted upon a charge of larceny, and brings his case here upon writ of error to the Circuit Court of Santa Rosa County from an order of said Court overruling the motion in arrest of judgment, and assigns the following errors: First, the Court erred in refusing the motion in arrest of judgment; second, the Court erred in holding the indictment herein sufficient to render judgment on; third, the Court erred in holding that the indictment sufficiently described the money alleged to have been stolen. These several assignments may be construed together.

The indictment contains two counts, the first of which charges the defendant with the larceny of "one lot of silver coin, of the denomination of one. dollar each, of the currency of the United States, of the value of twenty-five dollars, of the goods, moneys and chattels of one J. H. McLendon;" and the second count charges the defendant with the larceny of " one lot of silver coin of the United States currency, of the denomination of dollars, half dollars, quarters, dimes and five cent pieces, of the value of twenty-five dollars, a more particular description of which coin is to the jurors unknown, of the goods," etc. The only question to be considered is as to the sufficiency of the indictment.

There is a conflict of authorities as to whether or not the description of the coin in the first count of the indictment is sufficiently definite. At the common law this description was not sufficient, and the same doctrine has been held in some of the Courts in this country; but other authorities of high respectability hold that the description is sufficient. Brown vs. People, 29 Mich., 232; Commonwealth vs. O'Connell, 12 Allen, 451; State vs. Walker, 22 La., Ann., 425; Commonwealth vs. Gallagher, 16 Gray, 240; citing United States vs. Rigsby, 2 Cranch, C. C., 364; Merwin vs. People, 26 Mich., 298; McKane vs. State, 11 Ind., 195; Berry vs. State, 10 Ga., 511.

We are inclined to think that the rule laid down by these authorities the correct one. The money was described as silver dollars, of the currency of the United States, of the value of twenty-five dollars, and it was sufficient to put the defendant on notice of the charge against him, and being thus advised, and it being incumbent on the State to prove every material allegation of the indictment, including the description of the money alleged to have been stolen, the defendant was protected in all his rights, and was not injured because the money was not more definitely described. But if there could be any doubt as to the sufficiency of the description of the money in the first count, there could be no doubt as to the sufficiency of the second count, because the second count shows why the money was not more particularly described, and this was all that was reqnired to make the description sufficient. People vs. Linn, 23 Cal., 150; Commonwealth vs. Sawtelle, 11 Cush., 142; 2 Bishop on Criminal Procedure, Section 703 et seq.; Commonwealth vs. Gallagher, 16 Gray, 240; Merwin vs. People, 26 Mich., 298.

There being a good count in the indictment, and there

being a general verdict of guilty, it applied to the whole indictment, and the Court below committed no error in deciding that the indictment was sufficient, and overruling the motion in arrest of judgment.

The judgment of the Court below is affirmed.