## CAIN *v.* STATE.

Opinion delivered June 24, 1893.

*Indictment for false pretenses—Disjunctive description of property.*

An indictment which charges that defendant by false pretenses obtained thirty dollars, described as follows, to-wit: Thirty dollars in treasury notes of a given denomination, thirty dollars in silver certificates of a given denomination, etc., describing the thirty dollars so obtained in six different ways, is equivalent to an averment that the money obtained was thirty dollars in treasury notes, *or* in silver certificates, etc., and is bad for uncertainty.

Appeal from Randolph Circuit Court.

JOHN B. McCALEB, Judge.

STATEMENT BY THE COURT.

The defendant was indicted at the August term, 1892, of the Randolph circuit court, for the crime of obtaining money under false pretenses, from one A. Z. Schnabaum, in manner as set forth in the indictment, which (omitting what is not peculiar to the case) is as follows, to-wit:

"The said George Cain, on the 22nd day of September, 1890, in the county and State aforesaid, did design-

edly, and by false pretense, represent to one A. Z. Schnabaum, then and there being, that he was the owner of one bale of cotton of the value of forty dollars, which he then and there, upon the representations aforesaid, sold to the said A. Z. Schnabaum, receiving therefor the sum of thirty dollars in good and lawful money of the United States, to-wit, thirty dollars in United States treasury notes, commonly called 'greenbacks,' of the denomination of five dollars each; thirty dollars in United States silver certificates of the denomination of ten dollars each, and of the value of ten dollars each; thirty dollars, one United States gold certificate of the denomination of twenty dollars and of the value of twenty dollars, and one United States silver certificate of the denomination of ten dollars and of the value of ten dollar; thirty dollars in the gold coin of the United States, of the denomination of ten dollars each and of the value of ten dollars each; thirty dollars in the silver coin of the United States of the denomination of one dollar each and of the value of one dollar each; thirty dollars in the nickel coin of the United States of the denomination of five cents each and the value of five cents each, with felonious intent to cheat the said A. Z. Schnabaum and to obtain said money: when, in truth and in fact, the said George Cain did not own one bale of cotton of the value aforesaid, or of any other value, at the time, and that said representations were then and there feloniously, falsely and knowingly made with the intent to cheat and defraud the said A. Z. Schnabaum and to obtain from him the money aforesaid, and, by means of said felonious, false representations so knowingly made, the said George Cain did then and there obtain from said A. Z. Schnabaum the said thirty dollars and of the value of thirty dollars, against the peace and dignity of the state of Arkansas."

To this indictment a demurrer, containing one general cause and seven special causes, was interposed, overruled and exceptions noted. Three other indictments for the same offense had been previously found in the same court against the defendant, all of which had been previously quashed.

At the said term, trial was had, defendant convicted and sentenced to imprisonment in the penitentiary for the period of one year.

Motion in arrest of judgment was made and overruled, exceptions taken and noted, but as this involved substantially the same issue as made by the general demurrer, it will not be further noticed.

Motion to set aside the verdict of the jury and for a new trial was then made, overruled and exceptions noted.

The motion for new trial contains nine several and distinct grounds, the third and fourth grounds being for alleged errors in the court in giving certain instructions at the instance of the State, and in refusing certain others asked by the defendant, none of which will be specially referred to in this decision.

*P. H. Crenshaw* for appellant.

*James P. Clarke*, Attorney General, for appellee.

BUNN, C. J., (after stating the facts.) There may be other defects in the indictment which are affected by the demurrer, but only the description of the money alleged to have been obtained, as affected by the general demurrer, will be discussed.

The indictment charges that the defendant, by means of false pretenses, obtained from the injured party money to the amount of thirty dollars, no more, no less, and then proceeds to state what was the kind of money, and also the denomination of each kind, in which the thirty dollars as a sum was paid to defendant, setting forth no less than six different kinds of lawful money of

the United States, naming the denominations of each kind, in one or the other of which the said amount of thirty dollars was paid over to the defendant by the injured party by reason of the false pretenses charged.

This manner of describing the money obtained as charged could only be intended as a sort of drag-net, which, while it might catch a great many things that are not fish, yet might, peradventure, catch the fish also.

The meaning of the description is the same as if the different clauses of the sentences were connected by the disjunctive conjunction "or," and the same in effect as if the grand jury should say to the defendant: "You obtained by false pretenses these thirty dollars in gold coin, but if not in gold coin, then in gold and silver certificates, but if not in these certificates, then in silver coin," and so on and so forth. It scarcely requires the citation of authorities to show that such a multiform manner of description of property is bad for uncertainty, not putting the defendant on notice as to what he is to defend against.

The rule governing the description of property in cases of larceny is applicable to cases of obtaining money under false pretenses, since the latter is but a species of the former crime. Bishop on Cr. Pro. vol. 2, sec. 173 ; *Smith* v. *State*, 33 Ind. 159; *Leftwitch* v. *Commonwealth*, 20 Grat. 716 ; *Treadaway* v. *State*, 37 Ark. 443 ; *Jamison* v. *State*, *ib.* 445.

The rule governing the particularity of description in such cases is stated in a general way in 1 Wharton, Cr. Law. sec. 355, which is quoted with approval in *State* v. *Parker*, 34 Ark. 158. This particularity of description is held to be essential in *State* v. *Oakley*, 51 Ark. 112, and also in the embezzlement case of *State* v. *Ward*, 48 Ark. 36 ; and it seems to be everywhere held by this court that particularity of description of the property stolen or obtained in this way is governed by a

rule not materially different from that of the common law.

It will be observed that the objectionable feature of the description in this indictment is not a want of particularity of description of the various and several kinds of money named, but rather in the disjunctive and alternative manner in which the several descriptive clauses are stated. It seems that it is only in special instances that the disjunctive word " or " can be properly used. 1 Bish. Cr. Pro. secs. 585–586.

We deem it unnecessary to discuss issues made by the objections to the giving of certain instructions, and the refusal of the court to give others on the request of the defendant.

For its error in overruling the demurrer to the indictment, the judgment of the Randolph circuit court is reversed, and the cause is remanded with directions to sustain the demurrer and to otherwise proceed in the matter as the law directs.