Sullivan v. The State of Florida—Opinion of the Court.

IRVIN S. SULLIVAN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Informations for obtaining property by false pretenses must, in general, describe the property alleged to have been obtained, with the same particularity and fullness as would be required in informations for larceny of the same property.

2. An information for obtaining property by false pretenses describing the property alleged to have been obtained as "seven dollars and fifty cents in currency of the United States of the value of seven dollars and fifty cents the money of" a person named, with no allegation that a more particular description of such property is unknown, is bad upon motion to quash or motion in arrest of judgment.

Writ of error to the Criminal Court of Record for Duval County.

The facts of the case are stated in the opinion of the court.

*Geo. U. Walker,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

CARTER, J.

On August 27th, 1901, an information was duly presented and filed in the Criminal Court of Record of Duval County, charging plaintiff in error with obtaining money by false pretenses. The defendant was arraigned, pleaded not guilty, and a trial was had resulting in a verdict

finding him guilty as charged. He thereupon moved in arrest of judgment, but the motion was denied, and from the sentence pronounced upon the verdict this writ of error is taken.

The only error assigned questions the propriety of the ruling upon the motion in arrest of judgment. One ground of that motion is as follows: "The information does not sufficiently describe the said money in said information mentioned, failing as it does to state of what denomination said alleged currency was, whether or not it or any of it was paper money, or coin, how much of it of either kind, or whether silver or gold." As this ground of the motion is found sufficient to reverse the judgment of conviction, other grounds of the motion need not be considered.

The information alleges that the defendant by means of the alleged false pretenses made to one J. H. Moody did "obtain from him the said J. H. Moody seven dollars and fifty cents in currency of the United States of the value of seven dollars and fifty cents, the money of the said J. H. Moody." No other description of the property alleged to have been obtained is given, nor is it alleged that a more particular description is unknown. The authorities hold in indictments for this offense, the description of the property obtained must, in general, be as full and complete as the description of the property alleged to have been stolen in indictments for larceny. In Porter v. State, 26 Fla. 56, 7 South. Rep. 145, it is said that the first count of the indictment there considered sufficiently described the kind and value of the property charged to have been stolen as "one lot of silver coin of the denomination of one dollar each, of the currency of the United

States, of the value of twenty-five dollars of the goods, moneys and chattels of one J. H. McLendon." It was admitted that by the common law and by some of the American authorities such description would be insufficient, but the court inclined to the view that the rule laid down by other American authorities holding such description to be sufficient, was the correct one. The second count in the indictment in that case described the property as "one lot of silver coin of the United States currency, of the denomination of dollars, half dollars, quarters, dimes and five cent pieces of the value of twenty-five dollars, a more particular description of which coin is to the jurors unknown, of the goods," &c., and this description, by reason of the allegation that a more particular description of the coin was unknown to the grand jury was held to be sufficient beyond all question of doubt. In Ex parte Prince, 27 Fla. 196, 9 South. Rep. 659, the indictment charged larceny of "divers bills, commonly known and denominated National currency of the United States of America of divers denominations, to-wit: one bill of the denomination of twenty dollars of the value of twenty dollars, two bills each of the denomination of ten dollars, each of the value of ten dollars, one bill of the denomination of five dollars of the value of five dollars, a more particular description of which said bills is to the jurors unknown, and which said bills circulated and passed in the said State of Florida as money, and which were then and there the property of one John G. Collins." It was held that the sufficiency of the description of the property in the indictment was not of such a character as that it could be inquired into on *habeas corpus*. In Lang v. State, 42 Fla. 595, 28 South.

Rep. 856, it was held that an indictment charging the larceny of "one hundred dollars of the currency of the United States of America, the denomination of which is to the grand jurors unknown of the value of one hundred dollars" was not so defective in reference to the description of the property as to amount to no indictment and that a judgment of conviction . upon such indictment would be affirmed where the sufficiency of such indictment was first questioned in the appellate court.

It will be observed that the descriptions of the property stolen given in the indictments considered in the cases cited, are either much more definite than the description we have in this case, or a more perfect description is excused by allegations showing a reason for not giving it. In this case no reason is stated why a more particular description is not given, and the property obtained is alleged to be simply seven dollars and fifty cents in currency of the United States, without stating whether it was gold, silver or paper, or the number or denominations of the pieces of currency obtained. According to the rulings in People v. Smith, 5 Park. Crim. Rep. 490; Commonwealth v. Lincoln, 11 Allen 233; State v. Knowlton, 11 Wash. 512, 39 Pac. Rep. 966, and perhaps State v. Reese, 83 N. C. 637, the description contained in this indictment would be sufficient; but according to the better opinion and the weight of authority, without a statute dispensing with a more particular description, the description here given unaided by an allegation that a more particular description is unknown, is not sufficient as against objections taken by motion to quash or in arrest of judgment. Leftwich v. Commonwealth, 20 Gratt. 716; State v. Hurst, 11 West Va. 54; Smith v. State, 33 Ind. 159; Treadway v. State, 37 Ark. 443; Jamison v. State,

Ibid. 445; Bishop's Directions & Forms, section 423, note 2; 2 Bish. New Crim. Pro. section 173. See, also, Redmond v. State, 35 Ohio St. 81; State v. Segermond, 40 Kan. 107, 19 Pac. Rep. 370; Merwin v. People, 26 Mich. 298; Leonard v. State, 115 Ala. 80, 22 South. Rep. 564; Merrill v. State, 45 Miss. 651; Dukes v. State, 22 Texas App. 192, 2 S. W. Rep. 590; State v. Tilney, 38 Kan. 714, 17 Pac. Rep. 606; Territory v. Shipley, 4 Mont. 468, 2 Pac. Rep. 313. The court erred in denying the motion in arrest for the reasons stated, and the judgment of conviction will be reversed with directions to the court below to arrest the judgment.