STATE *vs.* HARRY HOLDEN.

1.  FALSE PRETENSES—INDICTMENT—VALUE OF PROPERTY—PLEADING AND PROOF—"CHATTEL".

An averment in an indictment that defendant by false pretenses obtained two oxen from prosecutor was an averment of obtaining by false pretenses a "chattel", within *Rev. Code* 1852, amended to 1893, *p.* 967 (11 *Del. Laws, c.* 418) § 1, providing that if any person shall by any false pretenses obtain from any other person any chattel, with intent to cheat any person of the same, he shall be guilty of a misdemeanor, etc., and, no averment of the value of the chattel being required, proof thereof, if averred, was unnecessary.

2.  FALSE PRETENSES—INDICTMENT—PROOF.

Where an indictment charged that defendant made a false representation to T. respecting the age of a horse, with the intent and for the purpose of cheating and defrauding T., that defendant knew at the time he made such pretense that it was false, and that by reason of such false pretense he obtained certain oxen from T., it was necessary for the state to prove all of such charges beyond a reasonable doubt in order to convict.

3.  FALSE PRETENSES—DEFINITION.

A "false pretense" is such a fraudulent representation of a fact by one knowing it to be untrue as is adapted to induce the one to whom it is made to part with something of value.  It may consist of any act, word, symbol, or token calculated to deceive another, and knowingly and designedly employed by any person with intent to defraud another of money or other personal property.

4.  FALSE PRETENSES—ELEMENTS—INTENT TO CHEAT AND DEFRAUD—EVIDENCE.

The intent to cheat and defraud is an essential element of the offense of obtaining property, etc., under false pretenses, and must be proved, though proof may be either by direct or circumstantial evidence.

5.   CRIMINAL LAW—EVIDENCE—WEIGHT—"REASONABLE DOUBT".

By "reasonable doubt" is not meant a speculative, fanciful, or even possible doubt, but a real, substantial doubt, such as will remain in the minds of the jury after a careful consideration of all the evidence in the case.

(*February* 24, 1911.)

PENNEWILL, C. J., and BOYCE and CONRAD, J. J., sitting.

*W. Watson Harrington*, Deputy Attorney General, for the state.

*William Penn Shockley* and *J. Hall Anderson* for defendant.

Court of General Sessions, Kent County, February Term, 1911.

INDICTMENT for false pretenses in misrepresenting the age of a horse, which was exchanged with the prosecuting witness for a pair of oxen, as twelve years old when in fact it was from fifteen to seventeen years old.

At the trial the prosecuting witness testified concerning the alleged false pretenses, that the same were made concerning a bay horse which he obtained from defendant in exchange for a yoke of oxen, and that said false pretenses consisted in misrepresenting the age of the horse as twelve years, when in fact it was from fifteen to seventeen years of age.

Further, that at the time the trade was consummated he said to the defendant, "I have telephoned to the people you referred me to as having raised the horse and being acquainted with his age and they say they do not know anything about it, and I don't know any of the persons and had just as well take your statement as any person's."   Witness further stated that the horse had a young looking face, had dark bay hair over his eyes which were full and not sunken.   That he finally traded for the horse, and after two or three weeks the hair over the eyes turned gray, it having apparently been dyed by someone; that sunken and hollow places also appeared over the eyes, and the horse became thin and suffered a general collapse and proved to be worthless to him.

The defendant admitted that he knew when he made the trade that the hair over the horse's eyes had been dyed, but said that he did not do it, that he had owned the horse only two

25 Del.]   STATE vs. HOLDEN.   431

Statement—Opinion—Charge.

weeks before trading it to the prosecuting witness, and that its hair was dyed when it came into his possession.

He further stated that he bought the horse for ten or twelve years of age and gave the latter as the age of the horse to the prosecuting witness. He admitted that he did not tell the prosecuting witness about the hair over the eyes being dyed, as he was not asked about it, and the fact that the hair had been dyed was apparent, it being of a different shade of color from the surrounding hair.

When the State rested, defendant's counsel asked the court to give binding instructions to the jury to acquit the defendant, for the following reasons:

That the indictment charged that the defendant "did unlawfully, knowingly and designedly, by false pretences, obtain from the said William B. Tharp two certain oxen each of the value of forty dollars lawful money of the United States of America." That no value had been proved, although value was an essential allegation in the indictment, found under *Section* 1, of *Chap.* 418, *Vol.* 11, *Laws of Delaware, Revised Code* (1893) 967, which provides, "That if any person shall, by any false pretence, obtain from any other person any chattel, money or valuable security, with intent to cheat or defraud any person of the same, every such offender shall be guilty of a misdemeanor," etc.

*Mr. Harrington*, Deputy Attorney General, contended that although value was alleged in the indictment, it was immaterial and, therefore, need not be proved.

PENNEWILL, C. J., delivering the opinion of the court:

The court are of the opinion that the averment in the indictment, that the defendant by false pretenses obtained two oxen from the prosecuting witness, is an averment of obtaining by false pretenses a chattel, within the meaning of the act.

We therefore hold that the value of the chattel need not have been averred, and therefore need not be proved.

We refuse to give binding instructions to the jury as requested.

PENNEWILL, C. J., charging the jury:

432          COURT OF GENERAL SESSIONS—1911.          [2 Boyce

_____
                              Charge.
_____

Gentlemen of the jury:—It is charged in this indictment that the defendant, on the first day of November last, in this county, designing and intending to cheat and defraud one William B. Tharp, the prosecuting witness, unlawfully, knowingly and designedly, did falsely pretend to the said Tharp that a certain horse, then in the possession of the defendant, and offered to Tharp in exchange for two oxen, was twelve years of age, the said defendant knowing at the time that such pretense or representation respecting the age of the horse was false.

It is further alleged that the defendant, by color and means of such false pretense, did unlawfully, knowingly, and designedly obtain from Tharp the said two oxen, each of the value of forty dollars.

We have been asked to direct you to return a verdict in favor of the defendant. This we decline to do because we think the case should be submitted to and determined by the jury under the law and the evidence.

The offense charged against the defendant is that which is commonly known as obtaining money by false pretenses, and is based upon a statute of this state which provides,—"That if any person shall, by any false pretense, obtain from any other person any chattel, money or other valuable security, with intent to cheat and defraud any person of the same, every such offender shall be guilty of a misdemeanor," etc.

The indictment as you have perhaps observed, contains three distinct allegations, viz.:

(1) That the defendant knowingly made a false representation or pretense to Tharp respecting the age of the horse, with the intent, and for the purpose of cheating and defrauding Tharp.

(2) That the defendant knew at the time he made such pretense or representation that it was false.

(3) That by reason of such false pretense or representation the defendant obtained the oxen from Tharp; that is, that Tharp was influenced or induced to make the trade, and part with his oxen, by reason of the defendant's representation respecting the age of his horse.

We say to you that in order to convict the defendant the state

must prove every one of these three elements of the charge beyond a reasonable doubt. But it was not necessary to prove the value of the oxen, because it was not necessary to aver their value in the indictment. The averment that the defendant, intending to cheat and defraud the prosecuting witness, obtained from him his two oxen by making a false pretense which he at the time knew to be false, is a sufficient averment of obtaining a chattel by false pretense, within the meaning of the said statute.

A false pretense has been defined by this court to be such a fraudulent representation of a fact, by a person who knows it to be untrue, as is adapted to induce the person to whom it is made to part with something of value. And it may consist of any act, word, symbol or token calculated to deceive another, and knowingly and designedly employed by any person with intent to defraud another of money or other personal property.

The intent to cheat and defraud is an essential element of the offense charged, and must be proved like any other material element of the charge in order to convict the prisoner. But such proof may be made either by direct or circumstantial evidence, and it is your province and duty to carefully consider all the facts and circumstances disclosed by the evidence in determining whether such intent existed or not.

The alleged pretense must be not only false, but also of such a nature as is calculated to deceive. It must have enabled the defendant to obtain the property and have influenced or induced the prosecuting witness to part with the same.

Now, gentlemen, if you believe, under the evidence you have heard from the witnesses, and the law as the court have stated it, that the defendant, intending to cheat and defraud Tharp, made a false representation respecting the age of his horse for the purpose of obtaining the two oxen belonging to Tharp; that he made such representation knowing at the time it was false, and that because of such false representation Tharp was induced to make the exchange and part with his oxen, your verdict should be guilty.

But, on the other hand, if you are not satisfied beyond a reasonable doubt that the defendant made a false pretense or representation respecting the age of the horse for the purpose of obtain-

28

ing Tharp's oxen and with the intent to cheat and defraud him; or if you are not satisfied that the defendant, if he made the alleged false representation, knew it was false; or if you are not satisfied that Tharp was induced by reason of such alleged representation to part with the oxen, your verdict should be not guilty.

The representation or pretense must be shown by the state not only to have been false, but it must also be shown that the defendant knew at the time that it was false.

If Tharp, at the time he exchanged his oxen for the defendant's horse, was not induced or influenced to make the exchange by the alleged false representation of the defendant, but relied upon his own judgment or upon the judgment of anyone other than the defendant, your verdict should be not guilty.

It is now for you to say whether the defendant is guilty, or not guilty, of the offense with which he stands charged. If, after carefully considering all the evidence, and applying thereto the law as we have stated it, you entertain a reasonable doubt of the defendant's guilt, that should inure to his acquittal and your verdict should be not guilty.

But by reasonable doubt, is not meant a speculative, fanciful or even possible doubt, but a real, substantial doubt, and such as will remain in the minds of the jury after a careful consideration of all the evidence in the case.

Verdict, guilty.