STATE vs. ALFRED B. MOORE, FRANK PASCARELL, THOMAS CARA- VASILIS.

FALSE PRETENSES—INDICTMENT HELD INSUFFICIENT FOR FAILURE TO DESCRIBE CHECK.

Under *Rev. Code* 1915, § 4757, defining the offense of obtaining chattels, money, or securities by false pretense, an indictment alleging that defendants did obtain a certain check for the payment of money, to wit, for the sum of $1,750 of the moneys, goods, chattels, and property of the said E., but not giving the name of the maker or payees or bank upon which drawn, or any indorsements, was insufficient for matter of description.

(*November* 21, 1921)

RICE and HARRINGTON, J. J., sitting.

*Clarence A. Southerland*, Deputy Atty-Gen., for the State.
*David J. Reinhardt* for defendants, Pascarell and Caravasilis.
Court of General Sessions, for New Castle County.

INDICTMENT for false pretenses, No. 27, November Term, 1921.

Motion to quash indictment. Motion allowed.

RICE, J., delivering the opinion of the court:

This is a motion on behalf of two of three defendants to quash an indictment charging them with fraudulently obtaining a check for the payment of money.

The objection urged in support of the motion is that in each of the four counts the property alleged to have been obtained by the false pretense is not described with sufficient particularity. The language in each of the four counts is as follows:

"That the defendants did unlawfully, knowingly, and designedly obtain from the said William J. Elliott, a certain check for the payment of money, to wit, for the sum of one thousand seven hundred fifty dollars ($1,750.00 ) of the moneys, goods, chattels and property of the said William J. Elliott."

Counsel contends in support of his motion that, where the property obtained by means of false pretenses is a written instrument, it should be described with as much accuracy and particularity as in indictments for larceny, and in support of his motion cites the following authorities: 1 *Starkie Cr. Pl. p.* 106; *1 Wharton Cr. Proc. p.* 868; 11 *R. C. L. p.* 860; 3 *Bishop Cr. Proc. p.* 1341; *Queen v. Wickman,* 10 *Ad. & Ell.* 43—46, 37 *E. C. L.* 43; *Bonnell v. State,* 64 *Ind.* 498-508; *Smith v. State,* 33 *Ind.* 159; *Peoples v. Conger,* 1 *Wheeler Cr. Rep.* 448-468; *In re Waterman,* 29 *Nev.* 288, 89 *Pac.* 291, 11 *L. R. A.* (*N. S.*) 424, 13 *Ann. Cas.* 926; *Baker v. State,* 14 *Tex. App.* 332-337; *Sullivan v. State,* 44 *Fla.* 155, 32 *South.* 106; *State v. Reese,* 83 *N. C.* 637; *Langford v. State,* 45 *Ala.* 26.

The state claims that under the provisions of *section* 4740, *Rev. Code* 1915, a check is made the subject of larceny, and therefore it is not necessary for the state in an indictment to describe the check with more particularity than it is described in this indictment. The state also argues that the indictment should not be quashed, for the reason urged by the defendant, if the defendant is not prejudiced in his rights, and in support thereof cites *State v. Holden,* 2 *Boyce,* 431, 79 *Atl.* 215. From an examination of that case, we are of the opinion that the decision in the case has no bearing upon the question raised here.

This indictment is found under the provisions of *section* 4757, *Rev. Code* 1915, this section being in the following language:

"Whoever shall, by any false pretense, obtain from any other person any chattel, money or valuable security with intent to cheat or defraud any person of the same, shall be guilty of a misdemeanor, and upon conviction thereof shall suffer such punishment, by fine or imprisonment or both, as the court shall deem proper under the circumstances: Provided always, that if, upon the trial of any person indicted for such misdemeanor, it shall be proved that he obtained the property in question, in any such manner as to amount in law to larceny, he shall not by reason thereof be entitled to be acquitted of such misdemeanor, and no such person tried for such misdemeanor shall be liable to be afterwards prosecuted for larceny upon the same facts."

*Section* 4740, *Rev. Code* 1915 provides:

"Whoever shall feloniously steal, take, and carry away any goods, chattels or effects, money, bank note, or bill, promissory note, bill of exchange, check, * * * ."

The description of the check alleged to have been obtained from Elliott by false pretenses is very meager. The maker and payee of the check are not named. The bank upon which the check was drawn or the date of the check or any indorsements, if any, upon the check are not set forth. There is no allegation in the indictment of anything which would identify the check alleged to have been fraudulently obtained. While it may not be essential to set out the check, yet we think it should be described in the indictment with sufficient particularity to reasonably identify it. This, we think, the state has failed to do. The fact that a check is made the subject of larceny under the provisions of *section 4740*, we believe, does not excuse the state, in an indictment for larceny or for obtaining a check under false pretenses, from describing the check alleged to have been obtained with sufficient particularity to identify it with reasonable certainty.

The authorities uniformly seem to support this view. In 1 *Starkie Cr. Pl. p.* 106, it is stated:

"Where the fraud has been effected or attempted to be effected by means of a written instrument it must, without exception, be set out upon the record."

In 1 *Wharton Cr. Proc. p.* 868, the following language is used:

"Some of the cases hold that the description must be made with the same particularity that would be required for larceny. * * * However, the description of the property should be reasonably certain and as particular as the case will admit of."

Again in 11 *R. C. L. p.* 860, it is stated:

"It is laid down by many authorities that in indictments for obtaining goods under false pretenses the property should be described with as much accuracy and particularity as in indictments for larceny."

And again in 3 *Bishop Cr. Proc. p.* 1341, it is said:

"Not everything obtained by false pretenses, but only what is within the statutory terms, is indictable. Hence, and that the defendant may know to what he is to answer, the thing obtained must be specified, and in a way enabling the court to see that it is within the statute. There is authority for requiring the description to be minute as in an indictment for larceny; and 'twenty-five dollars in money,' 'board,' and 'goods and money' have been severally adjudged too general."

For the reasons stated, the indictment is quashed as to the two defendants in whose behalf the motion is made.